# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *OneWest Bank, FSB v. Markowicz*, 2012 IL App (1st) 111187

---

| | |
|---|---|
| Appellate Court Caption | ONEWEST BANK, FSB, Plaintiff-Appellee, v. BOZENA MARKOWICZ and IRENEUSZ MARKOWICZ, Defendants-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-11-1187 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | March 5, 2012<br><br>April 11, 2012<br>April 16, 2012 |

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

The trial court's orders denying defendants' motion to quash service and confirming the foreclosure sale of defendants' real property were affirmed, notwithstanding defendants' contentions that the general administrative order under which service was obtained, including the provision for the appointment of a special process server in such actions, was void and that service by publication was improperly authorized, since the presiding judge of the chancery division had authority to issue the order pursuant to the chief judge's authority under Supreme Court Rule 21(c), the order did not conflict with section 2-201 or 2-202 of the Code of Civil Procedure or the requirements of Supreme Court Rule 101(a) or 102(a), the argument that the order was invalid because it was not easily accessible was rejected, the standing order for the appointment of a special process server sufficiently complied with the general administrative order, and the affidavit for service by publication complied with the requirements of section 2-206(a) of the Code of Civil Procedure.

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-22579; the Hon. David B. Atkins, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen D. Richek, of Chicago, for appellants.<br><br>Goldberg Kohn, Ltd., of Chicago (David J. Chizewer and Deborah Rzasnicki Hogan, of counsel), for appellee. |
| Panel | JUSTICE KARNEZIS delivered the judgment of the court, with opinion.<br>Justices Hall and Rochford concurred in the judgment and opinion. |

## OPINION

¶ 1      This appeal arises from orders of the circuit court denying defendants Bozena Markowicz and Ireneusz Markowicz's motion to quash service in plaintiff OneWest Bank, FSB's mortgage foreclosure action against defendants and confirming the foreclosure sale of defendants' mortgaged real property. Plaintiff had obtained a standing order appointing a special process server pursuant to the procedure set forth in General Administrative Order 2007-03 (the GAO). Plaintiff ultimately served defendants by publication. Defendants argue the court erred in refusing to quash service and in confirming the sale because (1) the presiding judge of the chancery division had no authority to enter the GAO and, absent statutory authority, the GAO is void; (2) even if the GAO is valid, plaintiff's enabling order appointing the special process server did not comply with the requirements of the GAO and is, therefore, invalid; and (3) service by publication was improperly authorized. We affirm.

¶ 2                            BACKGROUND

¶ 3      In April 2003, plaintiff entered into a mortgage with defendants. Starting in December 2008, defendants failed to pay plaintiff the amounts due under the mortgage. On July 9, 2009, plaintiff, through its attorneys Codilis & Associates, filed a complaint to foreclose the mortgage. It also filed a motion for appointment of a special process server. To its motion, it attached a copy of a May 14, 2009, order appointing standing special process servers authorized to serve process in mortgage foreclosure cases handled by Codilis & Associates for the three-month period ending on August 30, 2009.

¶ 4    The standing order was obtained pursuant to the GAO, entered on June 22, 2007, by Judge Dorothy Kinnaird, the then-presiding judge of the chancery division of the circuit court of Cook County. The GAO provides, in relevant part:

> "For many years, service of summons in most mortgage foreclosure cases filed in the Chancery Division of the Circuit Court of Cook County has been accomplished through the appointment of special process servers. Due to insufficient resources in personnel, equipment, and technological capabilities, the Sheriff of Cook County has been unable to effectuate service of process promptly and accurately in mortgage foreclosure cases.
>
> * * *
>
> In the year 2006, mortgage foreclosure filings in the Circuit Court of Cook County increased from 16,494 (2005 filings) to 22,248. Based upon filings for the first five (5) months of 2007, it is estimated that mortgage foreclosure filings for the year 2007 will be in excess of 30,000 cases.
>
> Because of the increase in mortgage foreclosure filings and insufficient resources allocated to the Chancery Division's Clerk's Office, the Clerk of the Court has been unable to process promptly Motions for the Appointment of Special Process Servers and Orders Appointing Special Process Servers. *** Because of the expiration of summonses, these processing delays have created significant problems for plaintiffs' attorneys and their clients. Attempts over the past year to remedy the delays in the Clerk's Office have proved unsuccessful.
>
> IT IS HEREBY ORDERED THAT:
>
> 1. Effective immediately, each law firm handling mortgage foreclosure cases in the Chancery Division may by Motion seek a Standing Order for the appointment of designated special process servers. Each Order will have a three (3) month or quarterly duration ***.
>
> 2. Each Motion and Order for a standing special process server order shall bear the heading 'In the Matter of the Application of the Law Firm of [INSERT NAME] for a Standing Order for the Appointment of a Special Process Server for the Quarter Ending [INSERT DATE].' A law firm may designate one or more individuals or companies to serve as special process servers for each quarter of a year on all cases filed by that firm."

Prior to entry of the GAO, a law firm would have had to file a separate motion for appointment of a special process server and obtain an order appointing such in each mortgage foreclosure action it handled.

¶ 5    Pursuant to Codilis & Associates' standing order, ProVest LLC, a private agency, served as the special process server in attempting to serve defendants. It attempted 14 times to serve defendants at the address for the mortgaged property. No other contact address for defendants could be found. On August 17, 2009, Codilis & Associates filed an affidavit on behalf of plaintiff requesting leave for service by publication. It served defendants by publication from August 21, 2009, to September 4, 2009.

¶ 6    Defendants failed to appear. On December 2, 2009, the court granted plaintiff's motion for entry of an order of default and entered a judgment of foreclosure and sale of defendants'

real property. Plaintiff was the high bidder at the judicial sale held on December 1, 2010.

¶ 7    On January 11, 2011, defendants moved to quash service. They argued the order appointing the special process server was inadequate because it did not follow the requirements of the GAO. They also argued the process server who signed the returns of service was not identified in the returns of service as an employee of ProVest. On March 16, 2011, the court denied the motion to quash. The court denied defendants' motion to reconsider on April 5, 2011, and defendants timely appealed on April 14, 2011.

¶ 8                                ANALYSIS

¶ 9              1. Validity of General Administrative Order 2007-03

¶ 10    Defendants' main argument on appeal is that the court should have granted their motion to quash service because the GAO is void. Judge Dorothy Kinnaird, the then-presiding judge of the chancery division of the Cook County circuit court, issued the GAO. Defendant argues the GAO is void because the presiding judge of the chancery division had no authority to issue and/or enforce the GAO. They argue (a) there is no such authority provided by common law, the 1970 Illinois Constitution or statute; (b) issuance of the GAO violated Illinois Supreme Court Rules 21(a), (b) and (c) (eff. Dec. 1, 2008) because it was not adopted by either the majority of circuit court judges in the circuit or by the chief circuit judge; (c) the GAO conflicts with the requirements for appointment of a special process server stated in section 2-202 of the Illinois Code of Civil Procedure (735 ILCS 5/2-202 (West 2010)); (d) the GAO conflicts with the requirements for commencement of civil actions stated in section 2-201 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-201 (West 2010)); (e) the GAO circumvents the proper statutory procedure for service of process; (f) the GAO was entered in the absence of a justiciable question and thus involved a hypothetical conflict; and (g) a copy of the GAO is not readily available because it is not part of the general rules of the circuit court of Cook County.

¶ 11    Plaintiff argues defendants waived any arguments regarding the validity of the GAO because they did not raise these issues below. An order entered without authority or without jurisdiction of the parties or subject matter is void and may be challenged at any time in any court, directly or collaterally. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). Defendants' argument on appeal is that the GAO is void because the presiding judge had no authority to enter or enforce it. Defendants, therefore, did not waive their arguments regarding the validity of the GAO by failing to raise them in the trial court.

¶ 12                          a. Authority to Issue the GAO

¶ 13    This court has already decided the main issue at bar, finding in *U.S. Bank, N.A. v. Dzis*, 2011 IL App (1st) 102812, that the GAO was valid. In *Dzis*, we held that the presiding judge of the chancery division had the authority pursuant to Illinois Supreme Court Rule 21(c) to enter general orders in the exercise of her general administrative authority. *Dzis*, 2011 IL App (1st) 102812, ¶ 20.

¶ 14    The 1970 Constitution provides "[s]ubject to the authority of the Supreme Court, the

-4-

Chief Judge [of each circuit] shall have general administrative authority over his court, including authority to provide for divisions, general or specialized, and for appropriate times and places of holding court." Ill. Const. 1970, art. VI, § 7(c). Illinois Supreme Court Rule 21(c) provides that "[t]he chief judge of each circuit may enter general orders in the exercise of his or her general administrative authority, including orders providing for assignment of judges, general or specialized divisions, and times and places of holding court." Ill. S. Ct. R. 21(c) (eff. Dec. 1, 2008). Because Rule 21(c) does not require that the general orders entered by the chief judge be consistent with statute, our supreme court has held that the rule "confers power on each chief judge to enter general orders *** free from any express legislative limitations." *People v. Joseph*, 113 Ill. 2d 36, 46 (1986).[1]

¶ 15　　　We interpret Rule 21(c) as allowing the chief judge to delegate his or her Rule 21(c) authority, including his or her authority to issue general orders, to the presiding judges in the divisions of the circuit court, including, as here, his or her authority to issue general administrative orders. *Dzis*, 2011 IL App (1st) 102812, ¶ 20 (citing *Blair v. Mackoff*, 284 Ill. App. 3d 836 (1996), and *People v. Hattery*, 183 Ill. App. 3d 785 (1989)). The presiding judge of the chancery division, therefore, had the authority to issue the GAO and defendants' arguments do not persuade us otherwise.

¶ 16　　　　　　b. Violation of Illinois Supreme Court Rules 21(a), (b) and (c)

¶ 17　　　As noted above, we interpret Rule 21(c) as authorizing the chief judge to delegate his or her Rule 21(c) authority to a presiding judge of a division of the court. Accordingly, since the GAO was issued pursuant to Rule 21(c) authority, it necessarily does not conflict with Rule 21(c). It also does not conflict with Rules 21(a) and (b).

¶ 18　　　Rule 21(a) provides that "[a] majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State, and which, so far as practicable, shall be uniform throughout the State." Ill. S. Ct. R. 21(a). But we are not talking about a typical, mandatory rule here. We are talking about a general order, presented as an additional and entirely optional method for obtaining appointment of a special process server. The chief judge has the authority to issue general orders pursuant to Rule 21(c), and the presiding judge, as his or her delegate, had the authority to do the same. There is, therefore, no conflict with Rule 21(a).

¶ 19　　　Rule 21(b) provides that, subject to the supreme court's overall authority, the chief circuit judge has the authority "to determine, among other things, the hours of court, available leave time to which a judge is entitled, and to instruct the way in which a judge on the bench is expected to behave" and, "[i]n the exercise of this general administrative authority, *** shall take or initiate appropriate measures to address the persistent failure of any judge to perform his or her judicial duties." Ill. S. Ct. R. 21(b). Rule 21(b) is obviously irrelevant to the question of whether a presiding judge has the authority to issue a general administrative order, especially given our determination that such authority derives from the chief judge's

---

[1]*Joseph* actually refers to "Rule 21(b)." However, at the time *Joseph* was decided in 1986, there was no Rule 21(c). The text of Rule 21(b) in 1986 is the text of current Rule 21(c).

authority to do so under Rule 21(c).

¶ 20                          c. Conflict With Section 2-202

¶ 21    We are also not persuaded that the GAO conflicts with section 2-202 of the Code. Section 2-202 provides that process must be served by a sheriff or coroner. 735 ILCS 5/2-202(a) (West 2010). But it also provides that the court may, "in its discretion," order that a private person who is over 18 years of age and not a party to the action serve process (735 ILCS 5/2-202(a) (West 2010)) or appoint a private detective agency as a special process server (735 ILCS 5/2-202(a-5) (West 2010)). Since section 2-202 expressly provides for court appointment of a private person or a detective agency, *i.e.*, someone other than the sheriff or the coroner, to serve process, we are hard-pressed to see how the GAO conflicts with section 2-202 and stated as much in *Dzis*. *Dzis*, 2011 IL App (1st) 102812, ¶¶ 21-28. Nothing in section 2-202 requires that a sheriff must first attempt service before a special process server can be appointed.

¶ 22    It is not the case that, under the GAO, just anyone, even a minor, can be appointed to serve process. The GAO does not do away with the requirements for who can serve process. It merely sets forth an alternate procedure for appointment of a special process server, who must naturally meet the requirements of section 2-202. Further, even if the GAO did conflict with provisions in the Code, the GAO would prevail because it is a procedural rule, albeit an optional one, and the court's procedural rules governing service of process prevail over conflicting statutes. *Dzis*, 2011 IL App (1st) 102812, ¶ 27. The manner and timing of service of process are nonjurisdictional matters of " 'procedure.' " *Dzis*, 2011 IL App (1st) 102812, ¶ 26 (quoting *In re Pronger*, 118 Ill. 2d 512, 524 (1987), and *Henderson v. United States*, 517 U.S. 654, 656 (1996)). The legislature has no authority to interfere with a procedural rule, a product of the supreme court's supervisory and administrative responsibility. *Joseph*, 113 Ill. 2d at 45.

¶ 23                          d. Conflict With Section 2-201

¶ 24    Defendants argue the GAO conflicts with the requirements for commencement of civil actions stated in section 2-201 of the Code (735 ILCS 5/2-201 (West 2010)). Section 2-201 provides:

> "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201 (West 2010).

Defendants assert, therefore, that any summons issued using a standing order for appointment of a special process server is void *ab initio* because the appointment of the process server occurred before a complaint was filed. They argue that an order appointing a standing special process server is an order issuing process before a defendant is identified and a complaint is filed and void for violation of section 2-201.

-6-

¶ 25        Nothing in the GAO circumvents the requirements of section 2-201. An order appointing a standing special process server obtained pursuant to the GAO is not an order to serve process. The GAO is solely addressed to the appointment of the persons (or agencies) who can serve process in foreclosure cases handled by a particular law firm during a finite three-month period. The GAO does not address the timing of service of process. Such timing must, therefore, still follow the statutory requirements set forth in section 2-201. Moreover, as stated previously, even if the GAO did conflict with section 2-201, the GAO is a procedural rule regarding service of process and would prevail over a conflicting statute.

¶ 26                    e. Circumvention of Statutory Procedure for Service of Process

¶ 27        Defendants argue that the legislature set forth specific steps for the initiation of service of process, the GAO circumvents the entire procedure, it is invalid and any judgment against them is, therefore, void for lack of jurisdiction. The procedure for service of summons involves the plaintiff requesting the clerk to issue summons (735 ILCS 5/2-201(a) (West 2010)); issuance of summons by the clerk with the clerk's seal, name and signature on the summons (Ill. S. Ct. R. 101(a) (eff. May 30, 2008)); dating the summons and addressing it specifically to each defendant (Ill. S. Ct. R. 101(a)); and placing the summons with the sheriff or other person authorized to serve process (Ill. S. Ct. R. 102(a)). *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 1000-01 (1988). Where summons has not been issued in accordance with section 2-201(a) of the Code and the supreme court rules and there has been no waiver of process or general appearance by the defendant, any judgment rendered is void for lack of personal jurisdiction over the defendant, regardless of whether the defendant had knowledge of the proceedings. *Schorsch*, 172 Ill. App. 3d at 1000-01.

¶ 28        The GAO does not circumvent any of the above procedures for service of process. Even if a plaintiff has obtained a standing order appointing a special process server pursuant to the GAO, the plaintiff must still request the clerk to issue process. And the clerk must still complete, sign, date and address the summons and deliver the summons to the person or entity charged with serving it. The only difference the GAO makes in the service of process procedure is that a law firm may, if it chooses, obtain a standing order appointing special process servers instead of having to file a motion for such appointment separately in each mortgage foreclosure case. The steps for initiation of service of process are unaffected and the GAO, therefore, does not conflict with the procedural requirements of section 2-201(a) or Supreme Court Rules 101(a) and 102(a).

¶ 29                    f. No Jurisdiction to Consider a Hypothetical Conflict

¶ 30        Defendants argue that the GAO is void because it was entered in the absence of a justiciable question and thus involved a hypothetical conflict over which a court has no jurisdiction. Defendants assert that " '[o]rders entered in the absence of a justiciable question properly presented to the court by the parties are void since they result from court action exceeding its jurisdiction.' [*Ligon v. Williams*, 264 Ill. App. 3d 701, 707 (1994).]" A justiciable question is one that involves the adverse legal interests of the parties and arises

when a complaint or petition for relief is filed. *Ligon*, 264 Ill. App. 3d at 707. Defendants argue that, because the May 14, 2009, order appointing standing special process servers was entered prior to the filing of plaintiff's July 9, 2009, complaint, the court had no reason to enter the order and was, therefore, without jurisdiction to enter it.

¶ 31    But the "orders" referred to in *Ligon*, the case on which defendants rely, were orders entered *sua sponte* by the court in an existing action and affected the rights of specific parties. *Ligon*, 264 Ill. App. 3d at 708-09 (appellate court held trial court's order awarding custody was null and void; sole issues before the court concerned establishment of a parent/child relationship and child support and court, therefore, had no authority to decide issue of custody). The order at issue here, indeed, any standing order obtained pursuant to the GAO, is an entirely different type of order.

¶ 32    An order obtained pursuant to the GAO is a preemptive order, issued for the administrative convenience of the court and law firms and, ultimately, any parties to foreclosure actions handled by the law firms. A standing order obtained pursuant to the GAO is not relevant to any particular party or action at the time the order is issued. It does not become relevant or "active" until the law firm which obtained the order files a copy of it in a foreclosure action the firm is handling, *i.e.*, in a justiciable proceeding before the court. Moreover, as previously determined, Rule 21(c) gives both the chief judge and his or her delegates, the presiding judges of the various court divisions, authority to enter such orders. Defendants' argument that no such order can be entered unless in the contest of an existing court action is far-fetched.

¶ 33                                            g. "Buried Order"

¶ 34    Citing *Owens v. Ranstead*, 22 Ill. 161 (1859), defendants argue that the GAO is invalid because it is not easily accessible. In *Owens*, the court stated:

> "Rules of court regulating its practice, and affecting all the suitors in it, and their most important interests, ought, like the acts of the General Assembly, to have a reasonable publicity given to them before they shall become obligatory, at least, by being entered upon the record, and should operate prospectively only. A rule locked up in the judge's breast, and only promulgated orally, as the business of the court progresses, has none of the constituents of a rule. It was not a written rule–it was not entered of record–it had no publicity, and was known only to some of the lawyers practicing in that court." *Owens*, 22 Ill. at 174 (supreme court refused to enforce a rule regarding the timing of testimony that the trial court had announced only verbally and, therefore, was not known to lawyers in the jurisdiction).

"[A] rule of court cannot rest in parol or in the breast of the judge–it must appear of record." *Owens*, 22 Ill. at 173. Defendants assert the GAO is a "buried order" and "locked up in a judge's breast" because it does not exist as part of the general orders of the circuit court of Cook County and copies of it can only be found in courtroom 2403, the courtroom assigned to the presiding judge of the chancery division.

¶ 35    Taking defendants' word for the fact that the GAO is only posted in courtroom 2403, we nevertheless find their argument unconvincing. As stated previously, the general order

merely sets out an alternative procedure for obtaining appointment of special process servers. It is not a mandatory rule. There are no ramifications if a law firm does not choose to avail itself of the opportunity to obtain a standing order. Indeed, there are no ramifications if the law firm does not know about the GAO. The fact that a copy of the GAO is available in one location does not make it invalid and unenforceable.

¶ 36                     2. Standing Order Does Not Comply With the GAO

¶ 37     Defendants also argue that the trial court should have granted their motion to quash service because plaintiff's enabling order appointing the standing special process server(s) did not comply with the GAO and was invalid. The GAO provides that "[e]ach Order shall have a three (3) month or quarterly duration." It requires that

> "Each Motion and Order for a standing special process server order shall bear the heading 'In the Matter of the Application of the Law Firm of [INSERT NAME] for a Standing Order for the Appointment of a Special Process Server for the Quarter Ending [INSERT DATE].' "

Codilis & Associates' order appointing standing special process servers states that it is for "the period ending August 30, 2009," in the heading and paragraphs 1 and 2. Asserting "strict compliance with matters involving service of process is required," defendants argue that, because Cordilis & Associates' order substituted the word "period" for the word "quarter," it did not strictly comply with the requirements of the GAO and was, therefore, improperly adopted.

¶ 38     The fact that the wording in the order does not mirror exactly the wording required by the GAO does not mean the order should not have been granted or is invalid. "[S]trict compliance with statutes governing service of process is required." *C.T.A.S.S.&U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008). A local rule has the force of a statute and is binding on the court and the parties. *Premier Electrical Construction Co. v. American National Bank of Chicago*, 276 Ill. App. 3d 816, 834 (1995). However, the GAO is not a statute, a supreme court rule or even a local rule. It is arguably not a rule at all. It is an administrative order presenting an optional procedure for the appointment of standing process servers. It is addressed to law firms, not to parties. And, although a law firm can decide to take advantage of the option, it does not have to.

¶ 39     Further, even if the GAO is a rule, "[w]hile rules of court are to be obeyed, 'unswerving obedience' is not demanded where no material harm is done to any litigant." *Levine v. Pascal*, 94 Ill. App. 2d 43, 59 (1968) (quoting *People v. Davis*, 357 Ill. 396, 400 (1934)). Even Illinois Supreme Court rules are to be construed liberally and not literally. *Levine*, 94 Ill. App. 2d at 58-59. There is no harm here. We grant that the word "period" has an entirely different meaning than the word "quarter." Unlike the word "period," which can mean any length of time, a "quarter" in the context of time means a finite three-month period, one-fourth of a year. However, notwithstanding the difference in the wording of the heading, it is clear that Codilis & Associates' order is for a finite three-month period, *i.e.*, a quarter, and not an indefinite period or period of a single day as defendants assert.

¶ 40     First, the order was entered on May 14, 2009, so the "period" necessarily had to start after

that, limiting the duration of the period to a little over three months at its longest since the period was to end on August 30, 2009. Second, any order entered pursuant to the GAO can only be for one quarter, for a definite three-month period. Working back from August 30, 2009, it is easily ascertainable that the quarter at issue here would start on May 30, 2009. Third, paragraph 3 of the order states "[a] copy of this Order shall be filed in all new mortgage Foreclosure cases filed by [Codilis & Associates] for the *Quarter* Ending August 30, 2009" (emphasis added), reinforcing the fact that the order is for the appointment of special process servers for the quarter/finite three-month period ending on August 30, 2009. The standing order is for a definite three-month period, as required by the GAO, and sufficiently complied with the requirements of the GAO to be validly entered.

¶ 41                                3. Service by Publication

¶ 42      Defendants lastly argue that the trial court should have granted their motion to quash service because service by publication was improperly authorized. Pursuant to section 2-206(a) of the Code (735 ILCS 5/2-206(a) (West 2010)), the clerk of court will order service by publication, "[w]henever, in any action affecting property or status within the jurisdiction of the court, *** plaintiff or his or her attorney shall file *** an affidavit showing that the defendant *** on due inquiry cannot be found *** so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained." 735 ILCS 5/2-206(a) (West 2010).

¶ 43      The "affidavit to allow service by publication" filed by Cordilis & Associates on behalf of plaintiff states "I, the undersigned attorney, on oath state[ ]" that defendants on due inquiry could not be found, process could not be served upon them and upon diligent inquiry, defendants' place of residence could not be ascertained. The affidavit is signed, with the signature appearing above a line under which are the words "Attorney for Plaintiff." The affidavit is notarized by the signature and seal of "Jessica J. Kern," a "Notary Public–State of Illinois" whose commission expires in October 2011, well after the August 13, 2009, signing of the affidavit. At the bottom of the affidavit, Codilis & Associates is identified as the attorney for plaintiff, with an address and Cook County attorney identification number.

¶ 44      Defendants assert that the signature of the affiant is illegible and, because the name of the affiant is not also printed on the affidavit, the affiant is neither identified nor identifiable. They argue the affidavit is, therefore, inadequate to meet the requirements for a valid affidavit, rendering service by publication unauthorized.

¶ 45      There is no requirement in section 2-206 that the signator of a section 2-206 affidavit be identified any more specifically than by his or her signature. Moreover, we can find no case law, nor do defendants cite any, requiring the signator of an affidavit to be identified by anything more than a signature, let alone by a printed name. Rather, " '[a]n affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way.' " *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002) (quoting *Harris v. Lester*, 80 Ill. 307, 311 (1875)).

¶ 46    Plaintiff's affidavit complies with these requirements. It is a written declaration made by an attorney for plaintiff, "on oath," before a notary public with a valid commission authorized by the State of Illinois. It also complies with the additional requirements of section 2-206(a), following much of the section 2-206(a) language verbatim. The affidavit is more than adequate to support service by publication.

¶ 47                              CONCLUSION

¶ 48    For the reasons stated above, we affirm the decision of the trial court.

¶ 49    Affirmed.