2026 IL App (1st) 250466-U

FOURTH DIVISION
Order filed: March 5, 2026

No. 1-25-0466

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| SIMEON LEWIS, a/k/a SIMEON WASHA AMEN-RA; | ) | |
| INFINITE LIGHT, an Unincorporated Association; CITY | ) | No. 20 CH 1473 |
| OF CHICAGO, an Illinois Municipal Corporation; | ) | |
| UNKNOWN OWNERS AND NON-RECORD | ) | |
| CLAIMANTS; and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Jean M. Cocozza, |
| (Simeon Lewis, a/k/a Simeon Washa Amen-Ra, | ) | Marian Perkins, |
| Defendant-Appellant). | ) | Judges, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In a mortgage foreclosure action, the court properly denied the defendant's section 2-1401 petition for relief from judgment when the petition was not supported with an affidavit; the defendant filed the petition more than 60 days after his first appearance, making the petition untimely; the defendant alleged only that court

personnel had technically, but harmlessly, failed to comply with a general administrative order; and the defendant had submitted to the court's jurisdiction.

¶ 2    After the circuit court entered a foreclosure judgment in favor of plaintiff Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar"), and confirmed a subsequent judicial sale of the property at issue, defendant Simeon Lewis, a/k/a Simeon Washa Amen-Ra ("Lewis"), filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure ("Code") (735 ILCS 5/2-1401 (West 2024)). Lewis asserted that the court lacked personal jurisdiction over him because Nationstar did not strictly comply with the special process server procedures set out in a circuit court general administrative order, rendering the service defective and the foreclosure order void. The circuit court found no error in the process server's appointment and that Lewis had voluntarily submitted to the court's jurisdiction and denied the petition. For the following reasons, we affirm.

¶ 3    On February 4, 2020, Nationstar filed a complaint seeking to foreclose on a mortgage on a property at 7236 South Michigan Avenue in Chicago. The complaint alleged that the property was owned by Infinite Light, an unincorporated association, and Lewis was a mortgagor. Attached to the complaint was a December 11, 2019, order entered by Supervising Judge Lewis M. Nixon stating that, "on the application of [Nationstar's attorneys]," all the employees of ProVest, LLC, were appointed as "Standing Special Process Servers for the Quarter beginning on January 1, 2020 and ending on March 31, 2020, in all cases filed by [Nationstar's attorneys], in the Mortgage Foreclosure Section of the Chancery Division pursuant to 735 ILCS 5/2-202 and General Administrative Order No. 2007-03." On February 18, 2020, Nationstar filed an affidavit of Edward Tomaszek wherein Tomaszek averred that he was an employee of ProVest and he served Lewis with Nationstar's complaint and summons by substitute service on Lewis' roommate, Tiana Fola,

on February 6, 2020, at the South Michigan Avenue property. Tomaszek also affirmed that he mailed copies of the complaint and summons to Lewis on February 7, 2020.

¶ 4        On April 16, 2020, Lewis filed a "Notice of and Claim of Beneficial Interest, Rejection of Presumed Trusteeship and Revocation of Trust," which he stated was "in the nature of a motion to quash service of process due to my rejection of trustee/fiduciary capacity for defendant." In that motion, Lewis asserted that he was "the principal of an International Organization titled SIMEON LEWIS and [had] immunity as an Internationally Protected Person." He further "reject[ed] and decline[d] acceptance to act as trustee with respect to the defendant and the trust property." He stated that "due to the breach of trust by the parties," he appointed the Secretary of State of the United States of America to intervene and settle the controversy. Lewis did not, however, argue that he was not properly served with the complaint. He listed his address as the 7236 South Michigan Avenue property. Lewis refiled this same document on April 27, 2020.

¶ 5        On June 4, 2020, Lewis filed a motion to quash service in which he contested personal jurisdiction because he was "the defendant's sole predecessor, successor and heir ascendant," "[t]here are no other heirs qualified to receive disbursements from defendant," Nationstar is "not a qualified heir," his "choice of law with respect to this action at all times antecedent and subsequent to the filing of this action is the general equity jurisdiction of the High Court of Chancery of Great Britain as it existed prior to the separation of the American colonies and the organic laws of the [U]nited States of America," and "the Court, an ecclesiastical court of the Apostolic See, lacks fundamental authority over the subject matter of this action and lacks personal jurisdiction over defendant." Again, Lewis did not raise any issues with the service of process.

¶ 6    While those motions were pending, on July 17, 2020, Lewis filed a "Notice of Stipulated Admissions Pursuant to 735 ILCS 5/2-610(b) and Praecipe of Dismissal with Prejudice" in which he asserted that, by not responding to his June 4 motion, Nationstar had admitted all of his allegations, requiring that the action be dismissed. The court denied Lewis' motions on October 27, 2020.

¶ 7    On December 17, 2020, and January 7, 2021, Lewis filed a "Notice by Affidavit Pursuant to 15 U.S.C. § 1692 et. seq.," which, he stated, was in response to Nationstar's and its attorneys' and the circuit court's "regular attempts to collect alleged debts which [they] assert as owed." Lewis then stated that he "formally disputes in writing, all debts alleged to be due or owed," this was "the consumer's formal declaration and refusal to pay all such debts" and Nationstar, Nationstar's attorneys, and the court were "to cease and desist all further communication and collection efforts with respect to all such alleged debts." Additionally, Lewis asserted that "[t]his Notice by Affidavit and refusal to pay alleged debts shall constitute a debt dispute and billing error notice." Lewis also alleged that Nationstar was in violation of nine federal consumer debt collection protections and declared that Nationstar "shall immediately turn over and pay to consumer the positive balance held as stated on its books and records," plus $9,000. Finally, Lewis stated that Nationstar, its attorneys, and the court "are hereby permanently enjoined from any further communication or collection activity by creditor's order and the consumer's refusal to pay the alleged debt."

¶ 8    On February 1 and March 8, 2021, Lewis filed identical copies of a "Notice of Stipulated Admissions Pursuant to 735 ILCS 5/2-610(b) and Confession of Money Judgment and Injunctive Relief," in which he asserted that Nationstar's failure to respond to his "Notice by Affidavit"

constituted an admission to his allegations and Nationstar had thereby confessed judgment and was permanently enjoined from attempting to collect the debt or communicate with him. On September 10, 2021, Lewis filed "Copies of Authenticated Certificate of Live Birth, GSA's, Department of the Treasury Internal Revenue Service OMB Forms with 3949A Communication with Letter of Direction," in which he accused the Clerk of the Court of committing tax evasion, unnamed "agents in this venue" of committing treason and unnamed "corporations" of committing seditious conspiracy, and requested that the court "release the private property from escrow and nolle prosequi this false claim in this matter." He also stated that he was looking to settle the matter and "release the private property."

¶ 9 On November 15, 2021, Nationstar moved for summary judgment against Lewis. Lewis then filed a motion seeking a continuance to allow him "more time to address" Nationstar's motion. The court granted Lewis' request and set a briefing schedule. On November 29, 2021, Lewis filed his response to Nationstar's motion for summary judgment, which was an identical copy of his September 10, 2021, filing and contained the same allegations and requests for relief.

¶ 10 On November 30, 2021, Lewis filed a "Filing Certified Copy of Land Patent from the United States of the Interior Bureau of Land Management" in which he repeated his criminal allegations from his previous filings and added an argument that the foreclosure and sale were in violation of his "land patent" for the property at issue and were "fraudulent." Thereafter, Nationstar filed its reply to its motion for summary judgment.

¶ 11 The circuit court granted Nationstar's motion for summary judgment and entered a judgment of foreclosure on January 28, 2022. The court denied Lewis' motion for a continuance of that hearing. Prior to the judicial sale, on April 25, 2022, Lewis filed an "Affidavit of Fact" of

"Sharon-Renee-Lloyd: Al" and "Nolle Prosequi Order" in which he and Sharon-Renee-Lloyd: Al asserted a land patent defense. Lewis appeared in court at the April 26, 2022, hearing and claimed that he never signed the mortgage or note, but admitted making 13 years' worth of payments. Lewis made an oral motion to stay the judicial sale, which the court granted.

¶ 12    On June 7, 2022, the court granted Lewis' second oral motion to stay the judicial sale, but rejected his land patent defense. The property was ultimately sold to Nationstar at an auction on June 27, 2022. On July 7, 2022, Lewis filed a notice of appeal of the court's June 7, 2022, order. That appeal was dismissed as premature because the judicial sale had not yet been confirmed. See *Nationstar Mortgage LLC, v. Lewis*, 1-22-1010.

¶ 13    On September 30, 2022, Lewis filed a "Motion to Dismiss" in which he alleged that Nationstar's loan had been satisfied. Also on that day, Lewis filed a "Motion to Vacate Judgment and Sale to Joan M. Cocozza Recusal After the Order" in which he sought to have the foreclosure judgment vacated on the grounds that the circuit court judge who entered the judgment had since recused herself from the case.

¶ 14    On October 19, 2022, Lewis filed another "Notice by Affidavit Pursuant to 15 U.S.C. § 1692 et. seq." in which, as before, he accused Nationstar, its attorneys, and the court of violating federal debt collection protections and demanded that they cease collection efforts. He also filed another "Motion to Dismiss" in which he alleged that he submitted bonds satisfying the debt and sought documentation supporting that allegation. He filed an "Affidavit in Support Motion to Vacate," in which he stated that he "timely respon[ded]" to Nationstar's foreclosure filing on April 6, 2020.

¶ 15    Nationstar moved to confirm the sale. Lewis was granted leave to file a response. On October 18, 2023, Lewis filed a "Motion to Deny Confirmation of Sale and Eviction or In the Alternative Motion to Strike Affidavit of Plaintiff[']s Request for Summary Judgment" in which he sought to vacate the foreclosure judgment on the grounds that an affidavit filed in support of Nationstar's motion for summary judgment was allegedly deficient.

¶ 16    On November 2, 2023, the court approved the sale and noted that, at the hearing on Nationstar's motion to confirm the sale, Lewis had appeared and argued "that he was not properly served with summons back in February 2020." However, the court cited a return of service for Lewis in the file and noted that Lewis' motions to quash had been denied, Lewis had "appeared in court and filed pleadings that did not contest personal jurisdiction," and Lewis' "response to [Nationstar's] motion to confirm sale did not raise any 735 ILCS 5/15-1508 objection to the sale."

¶ 17    On December 4, 2023, Lewis filed a section 2-1401 petition for relief from judgment in which he argued that Nationstar had no contract with him and fraudulently filed the foreclosure action. Lewis amended the petition on February 21, 2024, and, following briefing and a hearing, the court dismissed it on May 21, 2024, finding that Lewis' prior motions to quash had been denied, Lewis had submitted to the court's jurisdiction, Nationstar's Affidavit of Amounts Owing was unrebutted at summary judgment, the judgment of foreclosure was proper, the property had been sold pursuant to that valid judgment, and the court had approved the sale.

¶ 18    Lewis filed another section 2-1401 petition for relief, asserting that the service on him was defective because, although there was a valid order appointing ProVest's employees as special process servers, Lewis' investigation allegedly revealed that the motion seeking to have ProVest appointed was not on file with the Clerk of the Court, as was required by General Administrative

Order No. 2007-03. The court struck this petition because Lewis had not properly served it on Nationstar.

¶ 19    On January 17, 2025, Lewis filed another section 2-1401 petition for relief, which is the subject of the present appeal. With the exception of a single date, this petition was identical to Lewis' previous petition. Lewis argued that the court lacked personal jurisdiction over him because the motion requesting the appointment of ProVest as a special process server was allegedly not in the office of the Clerk of the Court, in violation of GAO No. 2007-03. Following a hearing including oral argument from the parties, on February 13, 2025, the court denied Lewis' petition, finding that ProVest's employees had been properly appointed and Lewis had voluntarily submitted to the court's jurisdiction prior to the entry of the judgment of foreclosure and sale through his actions in the case. Lewis now appeals that order.

¶ 20    "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17 (citing *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989)). "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18 (citing *Verdung*, 126 Ill. 2d at 547). We review *de novo* whether the circuit court obtained personal jurisdiction over a party. *Id.* ¶ 17. The denial of a section 2-1401 petition seeking to vacate a judgment on voidness grounds is likewise reviewed *de novo*. See *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47.

¶ 21    Initially, we find that Lewis' petition was legally insufficient because it failed to comply with section 2-1401's affidavit requirement. Under section 2-1401(b), the "petition must be

supported by an affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b). Lewis' allegations that the office of the Clerk of the Court and court personnel failed to retain copies of Nationstar's motion for the appointment of special process servers concerned matters outside the record and, therefore, must have been set forth in an affidavit. He also alleged that he had conversations with staff in the clerk's office and Judge Nixon's office about the motion, which are also matters outside the record necessitating an affidavit. However, Lewis' petition was not accompanied by an affidavit, nor did it contain the necessary certification making it a verified pleading. See 735 ILCS 5/1-109 (West 2024) (defining a verified pleading as one containing a certification of truth under penalty of perjury). Although Lewis attached an "Affidavit of Facts" to his petition, this document is not a proper affidavit. An affidavit is a declaration, under oath and in writing, sworn to by a party before a person with authority under the law to administer oaths. *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002). A document not sworn to before any officer does not constitute an affidavit. *Id.* Here, the "Affidavit of Facts" was not sworn to under oath by Lewis or by any person with authority under the law to administer oaths. Lewis also did not include a certification that he was making the affidavit under penalties of perjury. See 735 ILCS 5/1-109 (West 2024). Thus, it is not a proper affidavit and does not comply with section 2-1401(b).

¶ 22 On this basis alone, Lewis' petition fails. See *In re Estate of Barth*, 339 Ill. App. 3d 651, 664 (2003) (holding that a motion construed as a section 2-1401 petition was properly dismissed when petitioner "did not attach an affidavit or other supporting evidence to his motion"). We "may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its

reasoning was correct." *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 60.

¶ 23     As an additional basis to affirm the circuit court's order denying Lewis' 2-1401 petition, we also find that Lewis' petition was untimely and therefore procedurally barred. Under section 15-1505.6(a) of the Code (735 ILCS 5/15-1505.6(a) (West 2020)), in a residential foreclosure action such as this case, "the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance." 735 ILCS 5/15-1505.6(a). "The failure to do so results in the waiver of any objection to personal jurisdiction," and once the 60-day deadline passes, the defendant "may no longer challenge personal jurisdiction." *Wells Fargo Bank, National Association as Trustee for First Franklin Mortgage Loan Trust 2004-FF46 v. Roundtree*, 2018 IL App (1st) 172912, ¶ 13. "In other words, in the context of a residential foreclosure action, the moment a party files [his] appearance or even simply participates in any hearing, a 60-day clock begins to run, within which time []he must object to personal jurisdiction." *Id.* Section 15-1505.6 applies to a personal jurisdiction challenge asserted in a section 2-1401 petition. *Id.* ¶ 14.

¶ 24     Here, Lewis' section 2-1401 petition challenging personal jurisdiction based on Nationstar's alleged failure to strictly comply with GAO No. 2007-03 was filed more than four years after he first participated in a hearing in this case. Thus, his section 2-1401 petition is time-barred. See *id.* ¶ 17; 735 ILCS 5/15-1505.6(a). Further, by filing numerous motions over a span of several years before he filed this section 2-1401 petition, Lewis waived all objections to the court's

jurisdiction over him. See 735 ILCS 5/15-1505.6(b). Thus, the court properly denied Lewis' petition.

¶ 25    Additionally, even if Lewis' petition was timely filed and properly complied with section 2-1401, it fails on its merits. Lewis asserted in his petition that the circuit court lacked personal jurisdiction over him because the clerk's office and court personnel allegedly failed to comply with GAO No. 2007-03, which sets forth the procedures for applying for and receiving a standing order appointing special process servers in mortgage foreclosure cases. Specifically, that GAO provides that, in order to ease the burden on the Sheriff of Cook County and the Clerk of the Court, each law firm handling mortgage foreclosure cases "may by Motion seek a Standing Order for the appointment of designated special process servers." Each such standing order has a three-month duration. GAO No. 2007-03 also provides that "[t]he Clerk of the Court shall … keep the originals available to the public in the Office of the Clerk of the Court" and that the copies of the motions and standing orders shall also be kept in the office of the supervising judge of the Mortgage Foreclosure/Mechanics Lien Section.

¶ 26    Lewis alleged in his petition that, although he obtained the standing order appointing ProVest's employees as special process servers for Nationstar's attorneys during the relevant time period, he was unable to obtain a copy of the motion when he inquired with the Clerk of the Court and the office of the supervising judge. He therefore argued that service of process was defective and the court lacked personal jurisdiction over him. However, Lewis cites no authority supporting his contention that the failure of the clerk's or supervising judge's offices to keep a copy of a motion renders the service on him defective, nor does he provide any argument elucidating why that should be the case. Indeed, case law contradicts his argument.

¶ 27    This court has previously found GAO No. 2007-03 to be valid. See *U.S. Bank, N.A. v. Dzis*, 2011 IL App (1st) 102812, ¶ 20. We have also repeatedly rejected Lewis' argument that GAO No. 2007-03 conflicts with section 2-202 of the Code, which sets forth persons who are authorized to serve process.  See *Dzis*, 2011 IL App (1st) 102812, ¶ 23; *OneWest Bank, FSB v. Markowicz*, 2012 IL App (1st) 111187, ¶¶ 21-22 ("Since section 2–202 expressly provides for court appointment of a private person or a detective agency, *i.e.*, someone other than the sheriff or the coroner, to serve process, we are hard-pressed to see how the GAO conflicts with section 2-202 ***."). Further, although "[a] local rule has the force of a statute and is binding on the court and the parties," strict compliance with GAO No. 2007-03 is not required because "the GAO is not a statute, a supreme court rule or even a local rule. It is arguably not a rule at all. It is an administrative order presenting an optional procedure for the appointment of standing process servers. It is addressed to law firms, not to parties." *Id.* ¶ 38. This court in *Markowicz* added that "[e]ven Illinois Supreme Court rules are to be construed liberally and not literally," and "even if the GAO is a rule, '[w]hile rules of court are to be obeyed, 'unswerving obedience' is not demanded where no material harm is done to any litigant.'" (Alteration in original.) *Id.* ¶ 39 (quoting *Levine v. Pascal*, 94 Ill. App. 2d 43, 59 (1968)).

¶ 28    Lewis has not identified any material harm from the alleged failure of court personnel to strictly comply with GAO No. 2007-03 by keeping a copy of the motion and we find that there is no such harm here. The December 11, 2019, standing order properly appointed ProVest as special process servers. The special process server's affidavit established proper substitute service of the complaint and summons on Lewis through his roommate, in compliance with section 2-202. In his petition, Lewis does not challenge the substitute service or this affidavit. Any alleged failure to

retain the motion seeking the standing order does nothing to undermine the legitimacy of this service of process. Lewis presented no evidence that the motion does not or did not exist, as he appears to argue. Rather, he alleges only that the clerk's and supervising judge's offices do not have a copy of it. As a practical matter, the standing order would only have been entered pursuant to a motion from Nationstar's attorneys, and the order in fact recites that it was entered "on the application of [Nationstar's attorneys] for a Standing Order for the Appointment of a special process server" for the relevant time period, establishing that such a motion existed. Accordingly, we find no material harm to Lewis and the order appointing the special process server was valid. Thus, the court properly denied his section 2-1401 petition.

¶ 29   Lewis also argues that Nationstar was required to have a "case-specific" order appointing ProVest as a special process server in this case. We reject this argument. As we stated in *Markowicz*, "[a]n order obtained pursuant to the GAO is a preemptive order, issued for the administrative convenience of the court and law firms and, ultimately, any parties to foreclosure actions handled by the law firms. A standing order obtained pursuant to the GAO is not relevant to any particular party or action at the time the order is issued. It does not become relevant or 'active' until the law firm which obtained the order files a copy of it in a foreclosure action the firm is handling, *i.e.,* in a justiciable proceeding before the court." *Markowicz*, 2012 IL App (1st) 111187, ¶ 30-32. As in *Markowicz*, Lewis' argument that "no such order can be entered unless in the contest of an existing court action is far-fetched." *Id.*

¶ 30   Finally, we also agree with the circuit court that Lewis voluntarily submitted himself to the court's jurisdiction and waived his personal jurisdictional objection through his actions in this case. It has long been established that a party submits to the court's jurisdiction by requesting affirmative

relief or defending the case on the merits. See *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 25; *Poplar Grove State Bank v. Powers*, 218 Ill. App. 3d 509, 515 (1991); *Schusterman v. Northwestern Medical Faculty Foundation*, 195 Ill. App. 3d 632, 637 (1990). As set forth in detail above, Lewis participated in this dispute without objection on numerous occasions, including by denying that he owed money to Nationstar, asserting a land patent defense in opposing Nationstar's motion for summary judgment, and requesting relief from the court in the form of a money judgment and an injunction. For three and a half years, Lewis engaged in his defense without contesting personal jurisdiction on any recognized grounds. He frequently appeared at court hearings and made arguments and oral motions. He filed a response to Nationstar's motion for summary judgment and numerous motions requesting various forms of relief from the court. Accordingly, Lewis' frequent and consistent participation in defending the action on the merits and requesting affirmative relief constituted submission to the court's jurisdiction. See *Moriarty*, 2021 IL 126290, ¶ 25. Because this submission occurred as early as December 17, 2020, with Lewis' "Notice by Affidavit Pursuant to 15 U.S.C. § 1692 et. seq.," which was prior to the court's judgment of foreclosure in January 2022, the court had personal jurisdiction over Lewis at the time of the judgment, and the judgment was therefore valid. See *BAC Home Loans Servicing, LP*, 2014 IL 116311, ¶ 43 (holding that submission to the court's jurisdiction operates prospectively).

¶ 31     For the foregoing reasons, we affirm the circuit court's judgment.

¶ 32     Affirmed.