# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Fulmer*, 2013 IL App (4th) 120747

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGELA FULMER, Defendant, and JESSE GILSDORF, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0747 |
| Filed | February 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The attorney for a person charged with unlawful delivery of a controlled substance was properly found to have violated Supreme Court Rule 415(c) by placing on YouTube and another website a video he obtained from the prosecution, prior to the preliminary hearing, showing his client's alleged offense, and he was ordered to remove the video from those sites, notwithstanding the provision of Rule 411 stating that Rule 415(c) is not operative prior to any preliminary hearing, since the record was unclear as to exactly when the video was posted, the conduct would have been no less improper if it occurred prior to the preliminary hearing, and Rules 415(c) and 411 appeared to have been intended to prohibit such distribution, regardless of when it occurred. |
| Decision Under Review | Appeal from the Circuit Court of Pike County, No. 11-CF-15; the Hon. Michael R. Roseberry, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Walker R. Filbert, of Filbert Law Office, of Pittsfield, for appellant.

Frank McCartney, State's Attorney, of Pittsfield (Patrick Delfino, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1        Appellant, Jesse R. Gilsdorf, was counsel for a defendant charged with unlawful delivery of a controlled substance when the State's Attorney, before the preliminary hearing on that charge, gave Gilsdorf a video depicting his client, among others, interacting with undercover law enforcement officers at the time of the alleged offense. Gilsdorf later posted the video on at least two social media websites. The trial court found that Gilsdorf had violated Illinois Supreme Court Rule 415(c) (eff. Oct. 1, 1971) by his actions and, as a sanction, ordered Gilsdorf to remove the video from the websites.

¶ 2        Gilsdorf appeals, arguing that under the particular circumstances of this case, the trial court erred by finding he violated Rule 415(c). We disagree and affirm.

¶ 3                                I. BACKGROUND

¶ 4        On February 17, 2011, the State charged defendant, Angela D. Fulmer, by information with the Class 2 felony of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2010)), alleging that on or about June 14, 2010, she knowingly delivered to a confidential source less than 50 grams of a substance containing hydrocodone, a Schedule II controlled substance. On February 28, 2011, Gilsdorf entered his appearance on defendant's behalf, and the trial court scheduled a preliminary hearing for March 29, 2011.

¶ 5        On March 4, 2011, the State served discovery materials to Gilsdorf, which consisted of numerous reports and a copy of a video that depicted the alleged delivery of a controlled substance by defendant on June 14, 2010, the event that served as the basis for the charge in this case.

¶ 6        On March 29, 2011, defendant appeared with Gilsdorf, waived preliminary hearing, and entered a plea of not guilty. The trial court then set the case for jury trial on April 11, 2011, but on April 12, 2011, postponed the trial until further notice.

¶ 7        On April 20, 2011, the State filed a motion for sanctions for noncompliance with Rule

415(c). That rule reads as follows:

"(c) Custody of Materials. Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to other such terms and conditions as the court may provide." Ill. S. Ct. R. 415(c) (eff. Oct. 1, 1971).

The State's motion alleged that on or about April 11, 2011, the contents of the video previously tendered to Gilsdorf appeared for public viewing on the Internet website YouTube, as well as on defendant's Facebook page, under a file headed, "cops and task force planting drugs." The State's motion also alleged that the only person having custody of a copy of the video who could have caused its dissemination was Gilsdorf.

¶ 8 In May 2011, the trial court conducted a hearing on the State's motion at which, in response to the court's question asking how the video got on YouTube, Gilsdorf responded, "I caused it to be placed there." Gilsdorf explained that he copied the video to a computer and uploaded that computer file to YouTube. He acknowledged that the video also appears on his Facebook page, which states the following:

"Hey, one and all, want to see cops and their snitch planting drugs? This is the cop's video showing how their snitch brings drugs into a room, and after the victim leaves, putting [*sic*] the drugs in the middle of the table. Two parts because of space limits. Cops are the West Central Drug Task Force, Zack Orr, as seen in the video. Notice how the paperwork is all ready to be signed, even though they haven't even debriefed their snitch."

¶ 9 At the hearing, Gilsdorf was hardly apologetic for his actions, claiming that they were necessary because of improper conduct by the State's Attorney and police. He explained that, "simply put, [this] acts as a check on possible abuse by the prosecution."

¶ 10 At the conclusion of the hearing, the trial court found that Gilsdorf intentionally posted "the discovered material, the [video] on the Internet[, and his doing so] was a violation of [Rule] 415(c), that it was material furnished to the attorney pursuant to supreme court rules regarding discovery." As a sanction for the violation, the court directed Gilsdorf to remove the video from the Internet. Gilsdorf indicated that he would comply with the court's directive but would need some time to do so. In response, the court granted his request and noted that if he complies, the court would impose no further sanctions.

¶ 11 Even though the record suggests that Gilsdorf complied with the court's directive to remove the video from the Internet, he filed two different *pro se* motions to reconsider in May and June 2011. Then, in March 2012, attorney Walker R. Filbert entered his appearance on behalf of Gilsdorf and filed a second amended motion to reconsider the sanction order.

¶ 12 In July 2012, the trial court conducted a hearing on these motions, at which Filbert explained that he was essentially asserting two different grounds for why the court should reconsider its sanction order. Filbert described the first ground, which was contained in the motions filed by Gilsdorf (which Walker was adopting), as essentially asserting that Rule 415(c) violated various provisions of the first amendment of the United States Constitution.

¶ 13 Filbert described the second ground as the "discovery rule argument," which was based on the claim that Rule 415(c) "was not operative" regarding the video because of the time

of its tender. In explanation, Filbert cited Illinois Supreme Court Rule 411 (eff. Dec. 9, 2011) to the court, which states, in pertinent part, the following: "These rules shall be applied in all criminal cases wherein the accused is charged with a felony" "and shall not be operative prior to or in the course of any preliminary hearing." Filbert contended that because the video in question was tendered to Gilsdorf by the State prior to the March 29, 2011, preliminary hearing, none of the discovery rules, "particularly [Rule] 415(c), were *** operative in relation to the [video] because of the timing of its tender." The trial court denied the motions to reconsider.

¶ 14 This appeal followed.

¶ 15 This court notes that despite the extensive discussions that Gilsdorf, the trial court, and the State's Attorney engaged in during the May 2011 hearing regarding the video that Gilsdorf caused to be placed on the Internet, the record contains no information regarding when he did so. Further, no information regarding the date Gilsdorf did so came out at the July 2012 hearing. (Defendant in this case pleaded guilty in October 2011 to a reduced charge pursuant to a plea agreement. Subsequent matters regarding defendant are not before us in this appeal.)

¶ 16                                   II. ANALYSIS

¶ 17 Gilsdorf argues that because the video was tendered to him before the preliminary hearing in the underlying felony case, Rule 415(c) did not apply. Gilsdorf also purports to argue on appeal that the ambiguity of Rule 411 and Rule 415 (as argued by the State) "misled" him "into thinking his free speech was safe under the Rule." He asserts that the "State's ambiguity argument raises first amendment issues." For the reasons that follow, we disagree with Gilsdorf's first argument and decline to consider his second.

¶ 18             A. Gilsdorf's Claim That Because the Video Was Tendered to Him
                      Before the Preliminary Hearing on the Underlying Felony Case,
                                     Rule 415(c) Did Not Apply

¶ 19 We begin our analysis of Gilsdorf's argument by quoting the supreme court rules at issue.

¶ 20                        1. *Supreme Court Rules 411 and 415(c)*

¶ 21 At the time of these proceedings, Illinois Supreme Court Rule 411 (eff. Mar. 1, 2001) read as follows:

> "Rule 411. Applicability of Discovery Rules
>
> These rules shall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary. *** They shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing."

(The supreme court revised Rule 411 in December 2011 (Ill. S. Ct. R. 411 (eff. Dec. 9, 2011)) but those revisions do not affect our analysis in this case.)

¶ 22    Rule 415(c) reads as follows:

"Rule 415. Regulation of Discovery

* * *

(c) Custody of Materials. Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide." Ill. S. Ct. R. 415(c) (eff. Oct. 1, 1971).

¶ 23                    2. *The Committee Comments to Rule 415(c)*

¶ 24    In analyzing the issue before us, we found the Committee Comments to Rule 415(c) helpful. Those comments, in pertinent part, read as follows:

"Paragraph (c). *If the materials to be provided were to become, in effect, matters of public availability once they had been turned over to counsel for the limited purposes which pretrial disclosures are designed to serve, the administration of criminal justice would likely be prejudiced. Accordingly, this paragraph establishes a mandatory requirement in every case that the material which an attorney receives shall remain in his exclusive custody*. While he will undoubtedly have to show it to, or at least discuss it with, others, he is not permitted to furnish them with copies or let them take it from his office. It should be noted that this paragraph also applies to the State." (Emphasis added.) Ill. S. Ct. R. 415(c), Committee Comments.

¶ 25                    3. *The Timing of the Tender of the Video to Gilsdorf*

¶ 26    The parties do not dispute the following: (1) on February 28, 2011, Gilsdorf entered his appearance on defendant's behalf, and the trial court scheduled a preliminary hearing for March 29, 2011; (2) on March 4, 2011, the State tendered discovery materials to Gilsdorf, including the video in question; (3) on March 29, 2011, defendant appeared with Gilsdorf, waived preliminary hearing, and entered a plea of not guilty; (4) on April 20, 2011, the State filed a motion for sanctions, alleging that on or about April 11, 2011, the contents of the video previously tendered to Gilsdorf appeared for public viewing on at least two social media websites; and (5) at the May 2011 hearing on the State's motion, Gilsdorf admitted that he caused the video to be placed on those websites.

¶ 27    What the record does not reveal is when Gilsdorf did so. That is, the record does not disclose whether Gilsdorf posted the video on the social media websites before or after defendant appeared with him on March 29, 2011, waived preliminary hearing, and entered a plea of not guilty.

¶ 28            4. *The Prosecutor's Disclosure of Discovery to Defendant Before*
                        *Being Required by Supreme Court Rule*

¶ 29    One of the odd things about this case is that the State's Attorney tendered what appears to be complete discovery to Gilsdorf, who was then serving as defense counsel, 3 1/2 weeks

before the defendant's scheduled preliminary hearing. Clearly, the State was not required to do so under Rule 411, and one might wonder why the State did so.

¶ 30    At the July 2012 hearing at which the trial court denied Gilsdorf's motions to reconsider the sanction the court had imposed, the court provided some insight into this matter by noting that in most jurisdictions, discovery is not provided prior to a preliminary hearing and that such hearings occur with some frequency. That used to be the situation in Pike County, as well. However, it had become a common practice in Pike County for the State's Attorney to provide discovery after the first appearance of a defendant on a felony charge–well before the preliminary hearing–in the hope that doing so might lead a defendant to waive that hearing. The court noted that the practice had been successful, with the result that out of 100 preliminary hearings that the court schedules, perhaps only 2 in fact take place. Given that "there was very rarely an occasion where probable cause was not found," the court deemed the early delivery of discovery a sound practice, resulting in a considerable savings of time for all involved.

¶ 31    The trial court concluded its observations by noting that because the State had voluntarily provided discovery prior to preliminary hearing, including the video in question, the court determined that Rule 415(c) was placed in effect. The court added the following explanation:

> "It would be unreasonable to have the State provide discovery prior to preliminary hearing and then let the defense use that as they may, for whatever purpose, including placing it–placing it on the internet, and on YouTube, where it could be reviewed by anyone, particularly when you have a buy of a–by a confidential source. That seems to be inconsistent with the ends of justice."

¶ 32    *5. The Application of Rule 415(c) to the Present Case*

¶ 33    As noted, Gilsdorf contends that he did not violate Rule 415(c) because the State tendered him the video in question before the preliminary hearing was held. Gildorf maintains that Rule 411 clearly provides that Rule 415(c) does not become "operative prior to or in the course of any preliminary hearing."

¶ 34    The State responds that under the particular circumstances of this case, reading Rules 411 and 415(c) together creates an ambiguity because, although Rule 411 would indicate that the discovery rules were not applicable at the time Gilsdorf received the video in discovery from the State, Rule 415(c) nonetheless contains strong language about "a mandatory requirement in every case that the materials which an attorney receives shall remain in his exclusive custody." The State cites this court's decision in *In re Shelby R.*, 2012 IL App (4th) 110191, ¶ 34, 974 N.E.2d 431 (quoting *People v. Rinehart*, 2012 IL 111719, ¶ 26, 962 N.E.2d 444, quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555, 591 N.E.2d 427, 429 (1992)), for the proposition that under the doctrine of *in pari materia*, two statutes or two court rules concerning the same subject must be considered together in order to produce a " ' "harmonious whole." ' " The State then contends that "Rules 411 and 415(c) should be construed together to produce a harmonious whole that public materials cannot be publicly disseminated on the Internet regardless of when they were received." We agree with the State.

¶ 35    Further informing our analysis is the rule of law that when construing an Illinois Supreme Court rule, courts should employ the same principles that are employed when construing a statute. *People v. Norris*, 214 Ill. 2d 92, 97, 824 N.E.2d 205, 209 (2005). Thus, as the supreme court explained in *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493, 782 N.E.2d 212, 214 (2002), courts should interpret a supreme court rule in the same manner that they use to interpret a statute, "namely, by ascertaining and giving effect to the intent of the drafter." In this case, of course, the drafter is the Supreme Court of Illinois, which makes even more compelling the doctrine that court rules should be construed in a manner which avoids an absurd result. See *People v. Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621. We note that the supreme court in *Gutman* also wrote the following: "The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another." *Id.*

¶ 36    In concluding that Rule 415(c) applies to the circumstances of this case, we agree with the State's contention that "[a]llowing public exposure of discovery materials during an early time window, defeats the intent of the rules[,] which is to encourage discovery and make sure the materials are properly used." Gilsdorf's use of the discovery materials in this case could hardly have been more improper or more violative of the purpose of the supreme court in promulgating Rule 415(c). Construing Rules 411 and 415(c) as Gilsdorf contends to make Rule 415(c) not applicable because of the State's early delivery of discovery materials in this case would, indeed, lead to an absurd result–and one which we do not believe the Supreme Court of Illinois would countenance.

¶ 37    We also note a second reason for concluding that Rule 415(c) applies in this case. That is, as we noted earlier, although the record shows that Gilsdorf caused the video to appear on the Internet, it does not show when he did so. The State delivered the video to Gilsdorf 3 1/2 weeks before the March 29 preliminary hearing, and the State asserted in its motion for sanctions that the video appeared on two separate Internet sites on or about April 11. Under these circumstances, Gilsdorf may have placed the video on the Internet prior to the March 29 preliminary date (which his argument seems to assume), but–on this record–it is also possible that he may have done so *after* his client waived preliminary hearing on March 29 and entered a plea of not guilty and the trial court set the case for trial. If the latter circumstance obtained in this case, as we construe Rule 415(c), there is no ambiguity. That is because, whatever uncertainty may exist with regard to discovery materials furnished to defense counsel by the State *prior* to the date of a preliminary hearing, once a preliminary hearing has been held (or waived, as in this case), Rule 415(c) applies to the same extent as if the discovery materials had been furnished *after* the preliminary hearing date.

¶ 38    Despite this uncertainty regarding when Gilsdorf caused the video to be placed on the Internet, we emphasize that our conclusion is the same. That is, even if Gilsdorf caused the video to be placed on the Internet before the preliminary hearing was conducted (or waived), we still conclude that Rule 415(c) applies in this case.

¶ 39    We find support for this conclusion in Rule 415(a), which reads as follows:

  "(a) Investigations Not to be Impeded. Except as is otherwise provided as to matters not subject to disclosure and protective orders, neither the counsel for the parties nor

other prosecution or defense personnel shall advise persons having relevant material or information (except the accused) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case." Ill. S. Ct. R. 415(a) (eff. Oct. 1, 1971).

Essentially, this rule prohibits prosecutors, defense attorneys, and their agents from advising potential witnesses in a criminal case not to discuss the case with opposing counsel. The Committee Comments to Rule 415(a) make this point clear, by stating the following:

"Paragraph (a). One barrier to pretrial investigation and meaningful discovery procedures is the practice of some attorneys of advising witnesses not to cooperate with opposing counsel. This paragraph is included to provide that discovery shall not be frustrated by improper conduct of counsel or the various agents of counsel." Ill. S. Ct. R. 415(a), Committee Comments.

¶ 40    Surely, the "improper conduct" (as described by the Committee Comments) would be no less improper if it occurred before a preliminary hearing were held in a felony case. For instance, in the very case now before us, Gilsdorf entered his appearance on behalf of defendant 3 1/2 weeks before the preliminary hearing was scheduled to be held. It would be absurd to think that either the State's Attorney or Gilsdorf could counsel possible witnesses in this case not to speak to the attorney or his agents for the other side just because a preliminary hearing had not yet been held. Again, the Supreme Court of Illinois would not countenance such a conclusion.

¶ 41              B. Gilsdorf's Claim That the "State's Ambiguity Argument
                        Raises First Amendment Issues"

¶ 42    Last, Gilsdorf purports to raise a second argument presenting first amendment claims. We say "purports" because this argument appears for the first time in his reply brief, in violation of Illinois Supreme Court Rule 341(j) (eff. July 1, 2008), which reads as follows: "The reply brief, if any, shall be confined strictly to replying to arguments presented in the brief of the appellee and need contain only Argument."

¶ 43    Gilsdorf acknowledges Rule 341(j) in his reply brief but argues that he is not precluded from raising his first amendment argument because he is doing so in response to arguments raised by the State in its brief. We earlier referred to the State's contention that an ambiguity existed between Rules 411 and 415(c) (which argument we found persuasive), and Gilsdorf contends that "the State's ambiguity argument raises first amendment issues." We emphatically disagree.

¶ 44    The State's "ambiguity argument," as defendant describes it, has nothing to do with the vagueness or ambiguity of state rules limiting attorney pretrial speech, as discussed in the decision of the United States Supreme Court that Gilsdorf cites, namely, *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991). Thus, no exception to the requirement governing reply briefs contained in Rule 341(j) applies to this case.

¶ 45    We are particularly disinclined to apply any exception here, given that attorney Filbert,

who wrote the briefs to this court, argued the motion to reconsider at the trial level and made there what he termed his "first amendment" argument. The situation before us suggests that attorney Filbert, in his initial brief to this court, decided not to pursue the "first amendment" claim but later simply changed his mind, and now seeks to somehow justify making this argument in the reply brief.

¶ 46                                III. CONCLUSION
¶ 47        For the reasons stated, we affirm the trial court's judgment.

¶ 48        Affirmed.