Docket No. 90624–Agenda 41–May 2001.

A.J. MAGGIO COMPANY, Appellant, v. COY WILLIS 
et al.
 (Illinois Emcasco Insurance Company, Appellee).

Opinion filed September 27, 2001.

JUSTICE THOMAS delivered the opinion of the court:

The plaintiff, A.J. Maggio Company (Maggio), brought a four-count, second-amended complaint against the defendants, Willis Construction (Willis) and Illinois Emcasco Insurance Company (Emcasco), to recover the cost of repairing a defective sewer installed by Willis. Counts III and IV of the second-amended complaint alleged claims of assignment and subrogation against Emcasco in connection with a commercial general liability policy that Emcasco issued to Willis. The trial court granted Emcasco’s motion to dismiss counts III and IV and found that there was no just reason to delay enforcement or appeal. The appellate court eventually affirmed the dismissal of counts III and IV (316 Ill. App. 3d 1043) and we granted Maggio’s petition for leave to appeal (see 177 Ill. 2d R. 315). For the reasons that follow, we now dismiss Maggio’s appeal for lack of jurisdiction.

BACKGROUND

The underlying facts of this case are fully set forth in the opinion of the appellate court. 316 Ill. App. 3d 1043. For the purpose of this appeal, we need only discuss the relevant procedural history. On Maggio’s appeal from the trial court, the appellate court initially ruled in favor of Maggio and held that the trial court erred in dismissing Maggio’s claims of assignment and subrogation. Thereafter, Emcasco filed a petition for rehearing (hereinafter, the first petition for rehearing) before the appellate court pursuant to Supreme Court Rule 367 (155 Ill. 2d R. 367). Emcasco argued that the appellate court had “overlooked or misapprehended” the nature of the insurance policy Emcasco had issued to Willis. See 155 Ill. 2d R. 367(b). The appellate court allowed Emcasco’s petition for rehearing. Maggio then answered the petition and argued that Emcasco had raised a wholly new issue and, therefore, Emcasco’s petition should be denied. Maggio did not answer the merits of Emcasco’s petition regarding the nature of the insurance policy Emcasco had issued to Willis. The appellate court was persuaded by Emcasco. It entered an order withdrawing and vacating its initial opinion and, on September 26, 2000, the court entered judgment on Emcasco’s petition and affirmed the trial court’s dismissal of Maggio’s assignment and subrogation claims. 316 Ill. App. 3d at 1049.

At that point, Maggio filed neither a petition for leave to appeal or a notice of intent to do so. Instead, Maggio filed its own petition for rehearing (hereinafter, the second petition for rehearing) arguing that the appellate court had improperly considered a new argument on Emcasco’s petition for rehearing and, as a result, Maggio was denied due process. Emcasco responded by filing a motion to strike Maggio’s petition as improper under Supreme Court Rule 367(e) (155 Ill. 2d R. 367(e)), which the appellate court denied. Then on November 6, 2000, the appellate court denied Maggio’s petition and 15 days later, Maggio filed a notice of intent to appeal.

On appeal before this court, Maggio submits various arguments directed to the appellate court’s September 26, 2000 judgment on the first petition for rehearing filed by Emcasco. In response, Emcasco argues that, pursuant to Supreme Court Rule 367(e), which prohibits successive petitions for rehearing (155 Ill. 2d R. 367(e)), Maggio was barred from filing its petition in the appellate court in the first place. In addition, Emcasco argues that Maggio failed to file a timely appeal from the appellate court’s September 26, 2000 judgment on Emcasco’s petition for rehearing. Emcasco maintains that Maggio’s filing of the second petition for rehearing did not toll the time for filing an appeal. Therefore, Emcasco argues, this court lacks jurisdiction. We agree with Emcasco.

ANALYSIS

Because the dispute over this court’s jurisdiction turns in part on Maggio’s filing of the second petition for rehearing and, in particular, whether the second petition for rehearing may toll the deadline for filing a notice of intent to appeal, we will begin with a discussion of the propriety of that petition.

Supreme Court Rule 367 states that a petition for rehearing “may be filed within 21 days after the filing of the judgment, unless on motion the time is shortened or enlarged by the court or a judge thereof.” 155 Ill. 2d R. 367(a). 
In 1967, we added paragraph (e), which states:

“When the Appellate Court has granted a petition for rehearing and entered judgment on rehearing no further petitions for rehearing shall be filed in that court.” 36 Ill. 2d R. 367(e).

Previously, petitions for rehearing before the appellate courts were governed by the rules of the respective appellate courts. See 7 Ill. 2d R. 44(4); 355 Ill. R. 44. With the addition of paragraph (e) in 1967, however, we established the rule against successive petitions for rehearing in the appellate court.

 Maggio argues that the language of Rule 367(e) is ambiguous because it does 
not
 say that no further petitions shall be filed by “
any
 of the parties.” Maggio then reasons that because Rule 367(e) is ambiguous, we must look to the committee comments to discern its meaning. Our comment states:

“When [the appellate court] has twice considered a case, once initially and a second time on rehearing, there would seem to be no need for further consideration, especially when there is a higher court from which relief can be sought. See Rules 315(b), 316, and 317 as to the date from which the time for seeking Supreme Court review begins to run.” 155 Ill. 2d R. 367, Committee Comments, at clxiii.

Maggio contends that the comment adds further ambiguity in that it states that “there would 
seem
 to be no need for further consideration” by the appellate court. (Emphasis added.) 155 Ill. 2d R. 367, Committee Comments, at clxiii.

We find, however, that the rule is not ambiguous. Section (e) clearly provides that “
no further petitions
” may be filed before the appellate court once that court has entered judgment on a petition. (Emphasis added.) 155 Ill. 2d R. 367(e). The meaning of “no other petitions” does not need to be qualified or explained by yet another phrase such as that supplied by Maggio. Under the plain language of the rule, the bar to a successive petition for rehearing applies  regardless of whether the petition is brought by the same party or by a different party. In addition, we note that Maggio’s petition for rehearing came after the appellate court had entered judgment on Emcasco’s petition. The plain language of the rule prohibits a party from filing a petition for rehearing once “the Appellate Court has granted a petition for rehearing 
and entered judgment on rehearing
 ***.” (Emphasis added.) 155 Ill. 2d R. 367(e). Maggio’s petition, therefore, is barred because it came after the appellate court had entered its judgment on Emcasco’s petition.

Furthermore, though we need not rely on statutory comments where the language of the particular provision is unambiguous (see 
In re Consolidated Objections to Tax Levies of School District No. 205
, 193 Ill. 2d 490, 496 (2000) (where a statute’s language is clear and unambiguous, we will not resort to other aids of construction)), the comment supplies the rationale for the rule. When the appellate court enters judgment on a petition for rehearing, the court has twice considered the issue: once at the instance of the party who filed the original appeal and a second time at the instance of the party who filed the petition for rehearing. There is no need for the appellate court to consider the issue yet a third time, particularly when “there is a higher court from which relief can be sought.” 155 Ill. 2d R. 367, Committee Comments, at clxiii. Pursuant to Rule 367(e), therefore, successive petitions for rehearing in the appellate court are barred.

We note that both parties rely in their arguments on case law which involved successive petitions for rehearing before our supreme and appellate courts. The precedential value of those cases are limited, however, by the fact that Supreme Court Rule 367(e) has since been adopted, and by the fact that in none of those cases do we consider the issue of a second petition for rehearing tolling the filing date of an appeal. Accordingly, we do not find case law prior to the 1967 amendment of Rule 367 to be controlling in the matter at hand.

Maggio appeals from the appellate court’s judgment on the first petition for rehearing, which was filed by Emcasco. Supreme Court Rule 315(b) requires that if a petition for rehearing is granted, any subsequent petition for leave to appeal 
must
 be filed “within 21 days of the entry of the judgment on rehearing.” 177 Ill. 2d R. 315(b); 
PSL Realty Co. v. Granite Investment Co.
, 86 Ill. 2d 291, 305 (1981) (holding that the effective date of the appellate court’s judgment is the date that judgment is entered on rehearing). Our rules demand strict compliance in the timely filing of appeals or affidavits of intent as a matter of jurisdiction. 
Mitchell v. Fiat-Allis, Inc.
, 158 Ill. 2d 143, 150 (1994); 
Archer Daniels Midland Corp. v. Barth
, 103 Ill. 2d 536, 538 (1984). In addition, the comment to Rule 367(e) emphasizes the filing deadline by specifically referring litigants to “Rule[ ] 315(b) *** as to the date from which the time for seeking Supreme Court review begins to run.” 155 Ill. 2d R. 367(e), Committee Comments, at clxiii.

The appellate court here entered judgment on Emcasco’s petition for rehearing on September 26, 2000. Instead of filing a petition for leave to appeal or affidavit of intent, however, Maggio filed its own petition for rehearing. It was not until November 21, 2000, 56 days after the appellate court entered judgment on the first petition for rehearing filed by Emcasco, that Maggio filed its affidavit of intent. Maggio’s appeal to this court came too late. Moreover, because Maggio’s second petition for rehearing was barred by Rule 367(e), it cannot toll the filing date of Maggio’s appeal.

In further support of its argument that it should have been allowed to file a second petition for rehearing, Maggio submits that it was somehow misled by the appellate court because in the upper right-hand corner of the court’s opinion on Emcasco’s petition for rehearing, there was stamped the following: “NOTICE. The text of this opinion may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.” In addition, Maggio suggests that the appellate court’s denial of Emcasco’s motion to strike indicated to Maggio that its petition for rehearing would be entertained and that, therefore, it would toll the filing date for Maggio’s appeal. These arguments are unavailing, however, because they ignore the plain language of our Rules 315 and 367.

A judgment was rendered on Emcasco’s petition for rehearing on September 26, 2000. Maggio, therefore, had 21 days, or until October 17, 2000, to file its petition for leave to appeal or affidavit of intent. It failed to do so; thus, this court does not have jurisdiction to hear Maggio’s appeal and we dismiss it.

Appeal dismissed.