Docket No. 92338–Agenda 16–March 2002.

BRENDA ROTH, Ind. Adm’r of the Estate of Angela Roth, Deceased, Appellee, v. ILLINOIS FARMERS INSURANCE

 COMPANY, Appellant.

Opinion filed December 5, 2002.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Brenda Roth, acting as the administrator of the estate of her daughter, Angela, brought a declaratory judgment action in the circuit court of St. Clair County against defendant, Illinois Farmers Insurance Company. The circuit court found in plaintiff’s favor, and defendant appealed. The appellate court affirmed the circuit court’s judgment (324 Ill. App. 3d 293), and we subsequently allowed defendant’s petition for leave to appeal (177 Ill. 2d R. 315(a)). For the reasons that follow, we hold that leave to appeal in this matter was improvidently granted and dismiss the appeal.

BACKGROUND

Due to our disposition of the case, we will detail only those facts necessary to an understanding of our holding. The appellate court issued its opinion in this case on August 7, 2001. On August 24, 2001, defendant filed a document, in the appellate court, entitled “Affidavit of Intent to File Petition For Leave to Appeal.” The document reads as follows:

“Comes now Defendant/Appellant, Illinois Farmers Insurance Company, and hereby states it intends to file a Petition for Leave to Appeal with the Illinois Supreme Court pursuant to Supreme Court Rule 315.

Respectfully submitted,

Law Offices of Morgan & Associates”

The document was signed by one of the law firm’s attorneys and was accompanied by a certificate of service. Defendant thereafter filed in this court its petition for leave to appeal on September 11, 2001. Plaintiff filed a response, and we granted leave to appeal on December 5, 2001.

ANALYSIS

Plaintiff contends that this appeal must be dismissed because defendant failed to comply with the requirements of Supreme Court Rule 315(b). Plaintiff argues that the affidavit of intent filed by defendant was a nullity and that, as a result, the petition for leave to appeal was untimely. Defendant, on the other hand, responds that, because the affidavit required under Rule 315(b) is one designed to “serve as notice of an action,” the deficiencies of its affidavit of intent are inconsequential. Defendant also contends this issue is moot given the fact that this court has granted leave to appeal.

We begin our analysis with Rule 315(b), which states that

“[u]nless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 21 days after entry of the judgment of the Appellate Court, or 
within the same 21 days file with the Appellate Court an affidavit of intent to file a petition for leave, and file the petition within 35 days after the entry of such judgment
.” (Emphasis added.) 177 Ill. 2d R. 315(b).

We interpret a supreme court rule in the same manner in which we interpret a statute, namely, by ascertaining and giving effect to the intent of the drafter. 
In re Estate of Rennick
, 181 Ill. 2d 395, 404 (1998). The most reliable indicator of intent is the language used, which should be given its plain and ordinary meaning. 
Rennick
, 181 Ill. 2d at 405. When the language is clear and unambiguous, we will apply the language used without resort to further aids of construction. 
Rennick
, 181 Ill. 2d at 405.

In the case of Rule 315(b), the import of the language cannot be clearer–the rule requires that an “affidavit” be filed in order to secure a 35-day period in which to file a petition for leave to appeal in this court. Therefore, we must determine whether defendant filed an “affidavit” in the appellate court as is contemplated by Rule 315(b).

Although the term “affidavit” is not defined within Rule 315, Illinois courts have defined the term in consistent fashion for over 100 years. For example, in 
Harris v. Lester
, 80 Ill. 307, 311 (1875), this court noted that “[a]n affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption whatever, it is nevertheless an affidavit.” See also 
Figge v. Rowlen
, 185 Ill. 234, 238 (1900) (citing 
Harris
 definition with approval); 
People ex rel. McCline v. Meyering
, 356 Ill. 210, 214 (1934) (defining affidavit as a declaration on oath, in writing, sworn to by a party before some person who has authority, under the law, to administer oaths). More recently, our appellate court has noted that “ ‘[a]n affidavit is simply a declaration, on oath, in writing sworn to before some person who has authority under the law to administer oaths. A writing which does not appear to have been sworn to before any officer does not constitute an affidavit.’ ” 
People v. Smith
, 22 Ill. App. 3d 377, 380 (1974), quoting 2 Ill. L. & Prac. 
Affidavits
 §2, at 648 (1953). Thus, an affidavit must be sworn to, and statements in a writing not sworn to before an authorized person cannot be considered affidavits. See 
Kehoe v. Rounds
, 69 Ill. 351 (1873); 
Kohls v. Maryland Casualty Co.
, 144 Ill. App. 3d 642 (1986); 1 Ill. L. & Prac. 
Affidavits
 §3, at 436 (1988). In light of this precedent, we agree with plaintiff that defendant did not file an “affidavit” in this case because the document filed with the appellate court does not consist of a statement sworn to before a person who has authority under the law to administer oaths. Rather, the document takes the form of a simple pleading.

Notwithstanding the above, defendant argues that the signature of its attorney on its filing substantially complies with the requirements of Rule 315(b) because the purpose of the affidavit is merely to give “notice” of the party’s intention to seek leave to appeal. Defendant notes that an attorney is ethically bound to sign legal papers that are truthful. In essence, defendant asks this court to relax the affidavit requirement contained in Rule 315(b) in this case and allow for a general notice of intent to suffice. However, “[t]he rules of court we have promulgated are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.” 
Bright v. Dicke
, 166 Ill. 2d 204, 210 (1995). To hold as defendant suggests would require that we ignore completely the affidavit requirement contained in Rule 315(b). We deem such a course of action imprudent for several reasons. As an initial matter, were we to so hold, we would provide litigants with little incentive to follow our rules. More importantly, our rules would have little force if the legal community perceived that we, as a court, do not enforce the rules or tailor them to fit the exigencies of the moment. Accordingly, we must emphasize that the supreme court rules are rules of procedure and that it is incumbent upon litigants to follow them. Furthermore and contrary to defendant’s argument, the affidavit of intent does not serve only to give notice to the opposing party of the intention to seek leave to appeal. The affidavit of intent also serves to stay, automatically, the mandate of the appellate court. See 155 Ill. 2d R. 368. Thus, the filing of the sworn document prevents the prevailing party from proceeding on the appellate court’s judgment. Given this dual purpose, we cannot agree with defendant’s suggestion that the affidavit-of-intent requirement is nothing more than a notice provision to the opposing party.

We note that our recent opinion in 
Robidoux v. Oliphant
, 201 Ill. 2d 324 (2002), in which we addressed what is required for compliance with the affidavit requirements of Supreme Court Rule 191(a), provides little assistance to us in the context of addressing the affidavit of intent required under Rule 315. In 
Robidoux
, we held that an affidavit need not be notarized in order to comply with the requirements of Supreme Court Rule 191(a). In so holding, we looked at the specific requirements for affidavits as set forth in Rule 191 and noted that, in contrast to traditional rule that notarization accompany an affidavit, Rule191 contained no express requirement that the affidavit be notarized. What was required under Rule 191, we held, was that the affidavit must be signed by the affiant or that his or her name must appear as the person having taken an oath. Our analysis in 
Robidoux
 necessarily applies only to affidavits filed pursuant to Rule 191(a), which itself applies only to specified proceedings under the Code of Civil Procedure, such as motions for summary judgment, involuntary dismissal, and to special appearances to contest personal jurisdiction. In this case, we are dealing with an affidavit required under Rule 315, which is not a rule used to implement practice under the Code of Civil Procedure. Even if it were, Rule 191(a) is markedly different from Rule 315. Rule 191 expressly provides what is required of the affidavit, stating that affidavits:

“shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto.” 145 Ill. 2d R. 191(a).

In contrast, Rule 315, as we have noted previously, sets forth no specific affidavit requirements, stating only that “an affidavit” of intent is required if a petition is not filed in the Supreme Court within 21 days after entry of the judgment of the appellate court. 177 Ill. 2d R. 315(b). Because Rule 191(a) sets out specific requirements for an affidavit, but omits reference to notarization, it was reasonable for this court to conclude in 
Robidoux
 that notarization is not required. In this case, we cannot excuse the noncompliance with the traditional requirements of an affidavit because Rule 315(b), unlike Rule 191(a), gives absolutely no guidance as to what is required of the party filing the affidavit. For that reason, its requirements must be gleaned from our case law, 
i.e.
, how this court has traditionally viewed the requirements of an affidavit. 
Robidoux
, therefore, is inapplicable our discussion here.

Having decided that the document filed by defendant in this matter was not an affidavit, we must next determine what effect, if any, the improper filing had on this case. Defendant asserts that the issue is moot because this court has already granted leave to appeal. Just recently, however, this court, in a unanimous opinion, reaffirmed that “[o]ur rules demand strict compliance in the timely filing of appeals or affidavits of intent as a matter of jurisdiction.” 
A.J. Maggio Co. v. Willis
, 197 Ill. 2d 397, 403 (2001). In that case, although we granted the petition for leave to appeal, we subsequently declined to exercise jurisdiction and dismissed the appeal because of the untimeliness of the petition for leave to appeal. Therefore, we will not consider the issue to be moot.

An affidavit that is not sworn is a nullity. 
Hough v. Weber
, 202 Ill. App. 3d 674, 692 (1990). The fact that defendant’s affidavit was a nullity calls into question the timeliness of the filing of the petition for leave to appeal in this case. Under Rule 315(b), to bring a further appeal to this court, defendant was required to do one of two things within 21 days of the filing of the appellate court opinion: either file a petition for leave to appeal in the supreme court or file, in the appellate court, an affidavit of intent. A proper affidavit of intent would allow a litigant an additional 14 days in which to file a petition for leave in this court. We have already determined that the “affidavit of intent” filed in this case was not proper. Because an improper affidavit has no legal effect, the document filed in the appellate court was insufficient to extend the time for filing the petition for leave to appeal. For this reason, defendant’s petition for leave to appeal was untimely and should not have been considered. We, therefore, conclude that leave to appeal in this matter was improvidently granted and dismiss the cause.

CONCLUSION

Leave to appeal in this matter was improvidently granted. The appeal is dismissed.

Appeal dismissed.

JUSTICE RARICK took no part in the consideration or decision of this case.

JUSTICE KILBRIDE, concurring in part and dissenting in part:

I write separately to note my limited concurrence with the majority's application of Supreme Court Rule 315(b), and to voice my dissent concerning the majority’s interpretation of the Rule 315(b) “affidavit” requirement. The majority concludes that since the document filed by defendant was not, strictly speaking, an “affidavit,” it was a nullity and insufficient to extend the time for filing the petition for leave to appeal. Slip op. at 3.

I agree that the document filed by defendant is not an affidavit within the meaning of Rule 315(b) because it contains no recital that it was made under oath. This court, however, recently approved as minimally sufficient under Rule 191(a) an affidavit containing no notary attestation or other independent evidence that an oath was administered to the person who signed it. 
Robidoux v. Oliphant,
 201 Ill. 2d 324, 340 (2002). Accordingly, today’s decision conflicts with this court’s holding in 
Robidoux
. The majority provides no sufficient rationale for
 its willingness to relax the formal requirements of an affidavit in 
Robidoux
 and not in this case. The majority attempts to distinguish 
Robidoux
, reasoning that Rule 191(a) sets out specific requirements for the form of an affidavit, unlike Rule 315(b). That distinction does not, however, resolve the conflict. The requirements of Rule 191(a) relate solely to the factual assertions in support of, or in opposition to, a summary judgment motion and not to oath, signature, or attestation requirements. Neither Rule 191(a) nor Rule 315(b) refers directly to notarization or oaths of averment or any other attestation requirement necessary to render the subject document an “affidavit.” Nonetheless, the majority chooses to strictly enforce these nonspecified attestation requirements with respect to Rule 315(b) when we did not in 
Robidoux
.

The majority concludes that because the document was insufficient, we lack jurisdiction to hear the appeal. Slip op. at 6. Despite a defective affidavit, under Rule 315(b) this court has exercised its discretion to extend the time for petitioning for leave to appeal under “extreme and compelling” circumstances. See 
Telegraph Savings & Loan Ass’n of Chicago v. Schilling
, 105 Ill. 2d 166 (1984).

The majority reasons that we have merely declined to exercise jurisdiction under the facts in this case. Slip op. at 6. I reluctantly concur with that portion of the decision because Rule 315(b), in its present form, requires a minimally sufficient affidavit and the defendant did not seek an extension of time for petitioning for leave to appeal. Nonetheless, the majority applies Rule 315(b) as a strict jurisdictional rule while acknowledging that this court possesses the power to decline or accept jurisdiction under the same rule. I find it difficult to reconcile the treatment of Rule 315(b) as jurisdictional when Rule 315(b) is frequently not applied on a strict jurisdictional basis.