# Illinois Official Reports

## Appellate Court

---

### *People v. Hemingway*, 2014 IL App (4th) 121039

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN E. HEMINGWAY, Defendant-Appellant. |
| | |
| District & No. | Fourth District<br>Docket No. 4-12-1039 |
| | |
| Filed | July 23, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's *pro se* postconviction petition alleging that his trial counsel was ineffective in failing to call an alibi witness and that his appellate counsel was ineffective in failing to argue that defendant's sentence was excessive was upheld, since the statement of the alibi witness with regard to the ineffectiveness of defendant's trial counsel was not properly notarized, it did not constitute a "supporting affidavit" for purposes of the Post-Conviction Hearing Act, and the lack of such an affidavit was grounds in itself for dismissal of the petition, and defendant forfeited the claim regarding his appellate counsel by stating in his petition merely that his appellate counsel made no argument about defendant's sentence. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-CF-1438; the Hon. Heidi N. Ladd, Judge, presiding. |
| | |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Alan D. Goldberg, Jessica Pamon, and Jessica D. Ware (argued), all of State Appellate Defender's Office, of Chicago, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Kathy Shepard (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Pope and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Kevin E. Hemingway, who is serving a 35-year prison term for armed robbery (720 ILCS 5/18-2(a)(2) (West 2008)), appeals from the summary dismissal of his petition for postconviction relief. He contends that, in his *pro se* petition, he made two claims having an arguable basis in law and fact: (1) his trial counsel rendered ineffective assistance in the jury trial by failing to call an alibi witness, Tiffany Steele, and (2) his appellate counsel rendered ineffective assistance on direct appeal by failing to argue that the sentence was excessive.

¶ 2     In our *de novo* review (*People v. Tate*, 2012 IL 112214, ¶ 10), we find the first claim to be unsupported by affidavit and unaccompanied by any explanation for the lack of an affidavit. See 725 ILCS 5/122-2 (West 2012). The second claim actually is not in the petition, and hence it is forfeited. See 725 ILCS 5/122-3 (West 2012). For those reasons, we affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND
¶ 4                           A. The Written Statement by Steele
¶ 5     According to the evidence in the jury trial, the armed robbery occurred at a McDonald's restaurant on North Mattis Street, in Champaign, on August 17, 2009, between 10:30 and 11 a.m.

¶ 6     Defendant attached to his postconviction petition a statement by Steele. Her statement begins as follows: "I, Tiffany, under oath and penalty of perjury, state the following," and then she writes that, between 10:23 a.m. and 11:03 a.m. on August 17, 2009, she was with defendant at his apartment on Cynthia Drive. She further writes that she had told defendant's trial counsel, Amanda Riess, she was willing to testify to that effect but that Riess told her she did not need her to testify and that she could just sit and watch the trial. Steele signed her statement and dated it July 17, 2012, but her statement contains no notary clause ("[s]igned and sworn (or affirmed) to before me" (see 5 ILCS 312/6-105 (West 2012))) or even the signature

of a notary public. Instead, under Steele's signature, there is only a notary seal, imprinted by a rubber stamp.

¶ 7                              B. The Claim of Ineffective Assistance of Appellate Counsel

¶ 8          In his postconviction petition, defendant makes four claims. First, he claims that his video-recorded confession to the police was the fruit of an illegal seizure because the police lacked probable cause to arrest him. Second, he claims that Riess rendered ineffective assistance by failing to inquire into all the facts relevant to the illegal arrest. Third, he claims that appellate counsel rendered ineffective assistance on direct appeal by failing to argue Riess's ineffectiveness in neglecting to contest the illegal arrest. Fourth, he claims that Riess rendered ineffective assistance by failing to call Steele in the jury trial.

¶ 9          The third claim, the one against appellate counsel, reads in its entirety as follows:

> "III. APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING THE ARGUMENT THAT TRIAL COUNSEL WAS INEFFECTIVE FOR NOT FILING A PRETRIAL MOTION TO SQUASH [*sic*] ARREST AND SUPPRESS ANY EVIDENCE AFTER THE ARREST FOR IT WAS AN ILLEGAL ARREST WITHOUT PROBABLE CAUSE.
>
> After the petitioner's conviction and sentence, he appealed to the Appellate Court, Fourth District, and he was appointed the State Appellate Defender's Office to represent him on appeal. On appeal the appointed counsel John M. McCarthy did not brief one issue concerning petitioner['s] conviction, his sentence or anything pertaining to the case.
>
> Petitioner believe[s] that his direct appeal counsel fell well below the normal standard of representation: here the petitioner was found guilty of armed robbery with a firearm and sentenced to 35 years imprisonment. And the only issue presented for review on appeal is that whether ten dollar arrestee's medical fee was improperly imposed.
>
> [H]ere the arrest was illegal and without probable cause and the record and actions of arresting officers vividly shows this petitioner had a right to a direct appeal regarding his conviction. He had the direct appeal but record will show he did not have the legal representation concerning issues that should have been brief[ed] that are now before this Court."

¶ 10                                            II. ANALYSIS

¶ 11                    A. The Alleged Failure of Trial Counsel To Call Steele as an Alibi Witness

¶ 12          Defendant's first argument is that his trial counsel, Riess, rendered ineffective assistance by failing to call Steele as an alibi witness in the jury trial. The State argues, however, that Steele's written statement is not notarized and that it therefore does not qualify as a supporting affidavit under section 122-2 of the Post-Conviction Hearing Act (725 ILCS 5/122-2 (West 2012)).

¶ 13                    1. The *Difference Between a Verifying Affidavit and a Supporting Affidavit*

¶ 14          The Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2012)) speaks of two separate and distinct affidavits. See *People v. Collins*, 202 Ill. 2d 59, 67 (2002). One affidavit is

the verifying affidavit. "The [postconviction] proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit." 725 ILCS 5/122-1(b) (West 2012). The other affidavit is the supporting affidavit. "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2012).

¶ 15 As the supreme court has explained, these affidavits serve different purposes. The verifying affidavit "confirms that the allegations are brought truthfully and in good faith," whereas the supporting affidavit "shows that the verified allegations [in the petition] are capable of objective or independent corroboration." *Collins*, 202 Ill. 2d at 67. In other words, through the penalty of perjury (720 ILCS 5/32-2 (West 2012); 730 ILCS 5/5-4.5-40(a) (West 2012)), the verifying affidavit gives the petitioner an incentive to be subjectively honest in what he or she pleads, whereas the supporting affidavit serves more of an objective, evidentiary function.

¶ 16                                  2. *When a Supporting Affidavit Is Needed*

¶ 17 The factual allegations in the petition must be "support[ed]" by "evidence." 725 ILCS 5/122-2 (West 2012). "[R]ecords" and "affidavits" are examples of "evidence." *Id.* If the trial court's record does not corroborate the allegations in the petition, it is necessary for the petition to have a supporting affidavit (*People v. Johnson*, 377 Ill. App. 3d 854, 859 (2007)), or else the petition has to state why the supporting evidence is not attached (725 ILCS 5/122-2 (West 2012)). See also *People v. Hall*, 217 Ill. 2d 324, 333 (2005) ("Failure to attach independent corroborating documentation or explain its absence may, nonetheless, be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney."). Because "affidavits" are listed in section 122-2 as acceptable "evidence" (725 ILCS 5/122-2 (West 2012)), the implication is that unsworn statements will not suffice.

The supreme court has long held that the lack of a supporting affidavit (when one is needed) constitutes grounds for the summary dismissal of a postconviction petition. In *Collins*, 202 Ill. 2d at 66, the supreme court said: "[T]he failure to either attach the necessary 'affidavits, records, or other evidence' or explain their absence is 'fatal' to a post-conviction petition (*People v. Turner*, 187 Ill. 2d 406, 414 (1999)) and by itself justifies the petition's summary dismissal (*People v. Coleman*, 183 Ill. 2d 366, 380 (1998), quoting *People v. Jennings*, 411 Ill. 21, 26 (1952))." True, the lack of a *verifying affidavit* does not justify summary dismissal. *People v. Hommerson*, 2014 IL 115638, ¶ 11. But the supreme court takes a different view when the petition lacks a *supporting affidavit*. *People v. Delton*, 227 Ill. 2d 247, 258 (2008) (on the authority of *Collins*, affirming the summary dismissal of a postconviction petition because of the failure to attach to it any affidavits, records, or other evidence or explain the reason for their omission).

¶ 18                                       3. *What Is an Affidavit?*

¶ 19 "[A]n affidavit is simply a declaration, on oath, in writing, sworn to by a party *before* some person who has authority under the law to administer oaths." (Emphasis added.) (Internal quotation marks omitted.) *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002). The following things must coincide to make an affidavit: "there must be present the officer, the

affiant, and the paper, and there must be something done which amounts to the administration of an oath." (Internal quotation marks omitted.) *Harris v. Murray*, 504 S.E.2d 736, 740 (Ga. Ct. App. 1998). "[I]n the presence of the officer," the affiant must do something whereby he or she knowingly and intentionally accepts the obligation of an oath (internal quotation marks omitted) (*id.*), such as by signing the affidavit in the presence of the notary public (*Moore v. Peterson*, 358 N.W.2d 193, 194 (Neb. 1984)).

¶ 20     Unless a document "consist[s] of a statement sworn to before a person who has authority under the law to administer oaths," it is not an affidavit. *Roth*, 202 Ill. 2d at 494. A document lacking the obligation of an oath should not be regarded as a defective affidavit or an inchoate affidavit. Rather, it is quite simply not an affidavit; it is something other than an affidavit. *Id.* In the words of the First District, "a writing that has not been sworn to before an authorized person does not constitute an affidavit." *People v. Tlatenchi*, 391 Ill. App. 3d 705, 714 (2009) (citing *Roth*, 202 Ill. 2d at 494). "An affidavit that is not sworn is a nullity." *Roth*, 202 Ill. 2d at 497.

¶ 21     4. *A Difference of Opinion in the Appellate Court as to Whether*
*the Lack of a Notarization on a Purported Supporting Affidavit*
*Can Be Grounds for Summarily Dismissing the Petition,*
*Along With This Panel's Answer to That Question*

¶ 22     Clearly, the lack of a *verifying affidavit* (725 ILCS 5/122-1(b) (West 2012)) is not grounds for summarily dismissing a postconviction petition. *Hommerson*, 2014 IL 115638, ¶ 11. But what if a *supporting affidavit* is necessary (725 ILCS 5/122-2 (West 2012)) and, in lieu of a supporting affidavit, the petitioner submits a signed statement that is not notarized? The appellate court is divided on the question of whether the lack of a notarization on the witness's statement is grounds for summary dismissal.

¶ 23     On the one hand, the First District is of the view that the lack of a notarization on the witness's statement is a mere technical defect, which cannot justify the summary dismissal of the postconviction petition any more than the lack of a notarization on the petition itself can justify summary dismissal. *People v. Parker*, 2012 IL App (1st) 101809, ¶ 76; *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 72. Thus, the First District holds that "a trial court may not dismiss a petition at the first stage simply because a supporting affidavit lacks notarization." *Parker*, 2012 IL App (1st) 101809, ¶ 4.

¶ 24     On the other hand, the Second District is of the view that the lack of a notarization on a witness's statement can be grounds for summary dismissal. *People v. Gardner*, 2013 IL App (2d) 110598, ¶ 17. The Second District reasons that "the affidavit requirements found in sections 122-1(b) and 122-2 are wholly distinctive and should be construed independently as they serve independent purposes." *Id.* Because the supreme court held in *Collins* that "the failure to support a petition pursuant to section 122-2 alone justified summary dismissal" (*id.* ¶ 16) and because the supreme court held in *Roth* that an unsworn statement was not an affidavit (*id.* ¶ 17), the Second District concludes that a witness's statement lacking a notarization does not qualify as a supporting affidavit and that, without a supporting affidavit, a postconviction petition can be summarily dismissed as noncompliant with section 122-2 (*id.*).

- 5 -

¶ 25 We agree with the Second District. The statement by Steele is not notarized. It lacks the obligation of an oath. Although her statement has a notary seal stamped on it (giving the name of the notary public and the date her commission expires), there is no notary clause, no clause signed by the notary public and affirming that Steele swore to the statement in her presence. Thus, the statement by Steele is not an affidavit. See *Roth*, 202 Ill. 2d at 494. It is a contradiction in terms to say, as the First District said in *Parker*, 2012 IL App (1st) 101809, ¶ 4, that "a trial court may not dismiss a petition at the first stage simply because *a supporting affidavit lacks notarization*." (Emphasis added.) Under the binding authority of *Roth*, an unsworn statement is not an affidavit. *Roth*, 202 Ill. 2d at 494. Further, under the binding authority of *Delton* and *Collins*, if a postconviction petition needs to be supported by a section 122-2 affidavit and there is no such affidavit, the trial court may summarily dismiss the petition. *Delton*, 227 Ill. 2d at 258; *Collins*, 202 Ill. 2d at 66. Only by following the decision of the Second District in *Gardner* can we be faithful to *Delton*, *Collins*, and *Roth*.

¶ 26                                B. The Alleged Failure of Appellate Counsel
                                      To Challenge the Sentence as Excessive

¶ 27 "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived," that is to say, forfeited. 725 ILCS 5/122-3 (West 2012). The State argues that because the postconviction petition nowhere claims that appellate counsel rendered ineffective assistance on direct appeal by failing to challenge the severity of the sentence, defendant has forfeited that claim. See *id.*

¶ 28 Defendant responds that, if one "[e]mploy[s] liberal construction to [his] *pro se* petition[,] as required at the first stage of proceedings" (see *People v. Smith*, 268 Ill. App. 3d 574, 580 (1994)), "[his] claim[,] while not explicitly alleged in the fashion that the State suggests, can be made out from the facts alleged therein." He points out that, under *People v. Hodges*, 234 Ill. 2d 1, 9 (2009) all his petition had to do was "allege enough facts to make out a claim that [was] arguably constitutional for purposes of invoking the Act."

¶ 29 With respect to the sentence, however, all the petition says is that appellate counsel made no argument regarding the 35-year prison sentence. The petition reads as follows:

> "On appeal the appointed counsel John M. McCarthy did not brief one issue concerning petitioner['s] conviction, his sentence or anything pertaining to the case.
>
> Petitioner believe[s] that his direct appeal counsel fell well below the normal standard of representation: here the petitioner was found guilty of armed robbery with a firearm and sentenced to 35 years imprisonment. And the only issue presented for review on appeal is that whether ten dollar arrestee's medical fee was improperly imposed."

Then the petition complains that "the arrest was illegal and without probable cause" and that "the record and actions of arresting officers vividly show[ ] this petitioner had a right to a direct appeal regarding his conviction." In the heading summarizing the claim against appellate counsel, the petition says appellate counsel was ineffective in failing to "rais[e] the argument that trial counsel was ineffective for not filing a pretrial motion to [quash the] arrest and suppress any evidence after the arrest[,] for it was an illegal arrest without probable cause." The petition simply does not say the sentence was too severe and does not say that appellate counsel should have argued it was too severe.

¶ 30 A postconviction petition must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2012). A *pro se* petition does not allege a claim of ineffective assistance by saying merely that appellate counsel failed to make any argument regarding the sentence, any more than it alleges a claim of ineffective assistance by saying merely that appellate counsel failed to make any argument regarding the conviction. While it is true that all a petition has to do is allege facts and that it need not make legal arguments or cite authorities (*Hodges*, 234 Ill. 2d at 9), the mere fact that appellate counsel was silent about a sentence is not arguably a constitutional claim. Therefore, we agree with the State that defendant has forfeited his claim that McCarthy rendered ineffective assistance on direct appeal by failing to challenge the severity of the sentence.

¶ 31                                III. CONCLUSION

¶ 32 For the foregoing reasons, we affirm the trial court's judgment. We award the State $75 in costs against defendant as costs of appeal.

¶ 33 Affirmed.