NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 160782-U

NO. 4-16-0782

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 6, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ANTON M. CLARK, | ) | No. 13CF1233 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Holder White and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed the trial court's second-stage dismissal of defendant's postconviction petition, finding defendant failed to make a substantial showing of actual innocence where he attached to his petition an unsworn statement styled as an evidentiary affidavit.

¶ 2    Defendant, Anton M. Clark, appeals the trial court's dismissal of his amended postconviction petition at the second stage of the proceedings. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    On July 30, 2013, the State charged defendant with being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2012)), alleging that on July 28, 2013, he knowingly possessed a handgun after having previously been convicted of aggravated battery, a Class 3 felony. The State also charged him with aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)),

alleging on that same date, he knowingly discharged a firearm in the direction of Jordan Brooks. In December 2013, a jury found defendant guilty of being an armed habitual criminal (*id.* § 24-1.7(a)), but it could not reach a decision on the aggravated discharge of a firearm charge. In January 2014, the trial court sentenced defendant to 30 years in prison.

¶ 5    Defendant appealed his conviction and sentence, arguing (1) the court violated Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) when questioning the jury venire, (2) defense counsel was ineffective for failing to impeach two of the State's eyewitnesses with their prior convictions, (3) he was denied a fair trial because the State repeatedly misstated the evidence during its closing argument, and (4) his 30-year prison sentence was excessive. *People v. Clark*, 2016 IL App (4th) 140058-U, ¶ 2. This court affirmed the trial court's judgment. *Id.* ¶ 3. However, we declined to address defendant's ineffective assistance claim, finding the claim more appropriate for postconviction proceedings.

¶ 6    Defendant filed a petition for leave to appeal to the Illinois Supreme Court. In September 2017, the supreme court denied defendant's petition; however, in the exercise of its supervisory authority, it directed this court to vacate its judgment and, in light of *People v. Veach*, 2017 IL 120649, 89 N.E.3d 366, consider whether defendant's ineffective assistance of counsel claim could be properly addressed on direct appeal. *People v. Clark*, No. 120563, 89 N.E.3d 758 (Ill. Sept. 27, 2017) (supervisory order). On remand, this court again affirmed the trial court's judgment. *People v. Clark*, 2018 IL App (4th) 140058-UB, ¶ 101.

¶ 7    In June 2016, defendant *pro se* filed a petition for postconviction relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2014)), alleging actual innocence and ineffective assistance of counsel. Defendant attached to his petition a signed statement purporting to be from Jordan Brooks. It stated:

"To whomever this may concern

I Jordan Brooks was involved in a shooting on Carver Street in Urbana Illinois in July 2012[.] [A]fter this incident people falsely identified [defendant] as the person shooting at me. Do [*sic*] to the advice of my attorney I never made a statement. [Defendant] never had a gun or shot a gun in my direction[.] [T]he only person that had a gun and was shooting was on the side of the house."

A signature appears in the lower right corner of the statement. The statement also contains a seal in the lower left corner indicating the statement was "Signed/Acknowledged" by "Jordan Brooks" on July 28, 2015, before a notary public, with the official seal of the notary below the date.

¶ 8        In July 2016, the trial court appointed postconviction counsel to represent defendant and counsel filed an amended petition. In supplement to the initial petition, counsel attached (1) a copy of Brooks's plea of guilty to aggravated unlawful use of a weapon for his role in the shooting and (2) reports from interviews of Brooks and defendant's mother, Beverly Clark, conducted by an investigator from the public defender's office.

¶ 9        According to the investigator's report, Clark stated in her interview that Cora Davis, one of the State's witnesses, apologized to her for "going off of hearsay" when she testified at trial that defendant shot at Brooks. Davis told Clark that she was in a nearby camper smoking marijuana at the time of the shooting and did not actually see who was involved.

¶ 10       Additionally, Brooks stated in his interview that he had known defendant for five or six years and would have easily recognized him. He claimed two men shot at him on the date of the incident but he did not know either of them. Defendant was not one of the shooters and Brooks did not know why the men shot at him. At the time of defendant's trial, Brooks had a

pending criminal case stemming from the same events in this case, and his attorney advised him against testifying at defendant's trial. Brooks "felt bad for [defendant] getting in so much trouble" because he knew defendant "didn't do anything." Though Brooks's attorney advised him not to speak with anyone while his case was pending, Brooks told the police officer that "took his DNA sample that they had the wrong guy." Brooks wrote a statement indicating that defendant was not the shooter, but he did not know where to take it, so he gave it to defendant's mother. No one asked him for the statement or pressured him to come forward. On December 6, 2013—one day after defendant's trial—Brooks pleaded guilty to aggravated unlawful use of a weapon in connection with the events in the present case.

¶ 11 On September 13, 2016, the State filed a motion to dismiss defendant's amended postconviction petition. The State argued Brooks's statement failed to qualify as a supporting affidavit because it was not "sworn," it did not constitute newly discovered evidence, and the statement was inconsistent with the testimony presented at trial. In a docket entry dated September 22, 2016, the trial court provided defense counsel 21 days to respond to the State's motion to dismiss. In an email dated October 7, 2016, defense counsel indicated she had "elect[ed] not to file a reply to the State's Motion to Dismiss."

¶ 12 On October 11, 2016, the trial court entered a written order dismissing defendant's petition without an evidentiary hearing. In its order, the court noted, "Defendant's attorney indicated to the court that they did not intend to respond to the State's motion to dismiss." The court found the State's motion "well-taken." The court further stated, "Even if [defendant's] trial counsel should have impeached two of the State's witnesses with ten-year-old prior convictions, there was no prejudice attached to that decision." The court granted the State's motion to dismiss.

¶ 13     This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15     On appeal, defendant argues the trial court erred in dismissing his postconviction petition without an evidentiary hearing because, based on Jordan Brooks's "affidavit," defendant made a substantial showing of actual innocence. In his brief, defendant does not address his earlier postconviction claim that trial counsel was ineffective for failing to impeach two of the State's witnesses with their prior convictions. Instead, defendant limits his arguments to his claim of actual innocence based on Brooks's affidavit. In its response, the State contends defendant has forfeited any argument regarding "whether the trial court improperly rejected Brooks's notarized statement on the basis that it was not a sworn affidavit," because the State raised this issue in its motion to dismiss in the trial court and defendant failed to raise the issue on appeal in its brief before this court. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). For the following reasons, we affirm.

¶ 16                      A. Postconviction Proceedings

¶ 17     The Postconviction Act (725 ILCS 5/122-1 to 122-7 (West 2012)) "provides a three-stage process for the adjudication of postconviction petitions." *People v. Harris*, 224 Ill. 2d 115, 125, 862 N.E.2d 960, 967 (2007). "At the first stage of postconviction proceedings, the circuit court reviews the petition and may summarily dismiss it if the court determines it is 'frivolous or is patently without merit.' " *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007) (quoting 725 ILCS 5/122-2.1(a)(2) (West 2002)). "A postconviction petition is frivolous or patently without merit when its allegations, taken as true and liberally construed, fail to present the gist of a constitutional claim." *Harris*, 224 Ill. 2d at 126.

¶ 18        If a petition survives the first stage of proceedings, it advances to the second stage where counsel may be appointed and the State may file a responsive pleading. *Harris*, 224 Ill. 2d at 126. "If at the second stage a substantial showing of a constitutional violation is established, the petition proceeds to the third stage for an evidentiary hearing." *Id.*

¶ 19        Pursuant to section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2012)), a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." The purpose of this requirement is to verify that the allegations in the petition are capable of objective or independent corroboration. *People v. Allen*, 2015 IL 113135, ¶ 26, 32 N.E.3d 615. "[A]n affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths." (Internal quotation marks omitted.) *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493, 782 N.E.2d 212, 214 (2002); see also *People v. Niezgoda*, 337 Ill. App. 3d 593, 596, 786 N.E.2d 256, 259 (2003) (holding that statements in writing that have not been sworn to before an authorized person are not considered affidavits).

¶ 20        "In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *People v. Johnson*, 154 Ill. 2d 227, 241, 609 N.E.2d 304, 311 (1993). "Where a defendant has submitted an unnotarized statement, the State may challenge this nonjurisdictional procedural defect at the second stage of proceedings." *Allen*, 2015 IL 113135, ¶ 35. Furthermore, "[w]here postconviction counsel is unable to remedy the lack of notarization of an attached statement, dismissal at the second stage is appropriate

\*\*\*." *Id.* ¶ 38. We review the second-stage dismissal of a postconviction petition *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006).

¶ 21                                                    B. This Case

¶ 22        Here, the trial court properly dismissed defendant's petition without an evidentiary hearing because, due to the deficiencies of Brooks's affidavit, defendant failed to make a substantial showing of actual innocence.

¶ 23        As an initial matter, the State argues defendant has forfeited any argument regarding "whether the trial court improperly rejected Brooks's notarized statement on the basis that it was not a sworn affidavit," because he failed to raise the argument in his brief before this court. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) (stating that points not argued are forfeited and shall not be raised in the reply brief). In its motion to dismiss defendant's amended postconviction petition, the State clearly asserted as a basis for dismissal that Brooks's notarized statement failed to qualify as an affidavit, as it was not sworn and did not subject Brooks to "any legal penalty for falsehood." The trial court's order of dismissal indicated the State's motion to dismiss was "well-taken." However, in his opening brief, defendant fails to set forth any argument that dismissal was improper on the basis that Brooks's statement failed to qualify as an affidavit. Instead, he attempts to address the issue for the first time in his reply brief.

¶ 24        However, even if we reject the State's forfeiture argument, we agree that the trial court's dismissal of defendant's petition at the second stage of proceedings was proper because Brooks's statement was not an affidavit and has no legal effect.

¶ 25        According to the Illinois Notary Public Act (Act), " 'notarization' means the performance of a notarial act." 5 ILCS 312/1-104(b) (West 2016). Further, a " 'notarial act' means any act that a notary public of this State is authorized to perform and includes taking an

- 7 -

acknowledgment, administering an oath or affirmation, taking a verification upon oath or affirmation, and witnessing or attesting a signature." 5 ILCS 312/6-101(a) (West 2016). According to the Act, the following actions constitute a notarial act:

> (a) In taking an acknowledgment, the notary public must determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary and making the acknowledgment is the person whose true signature is on the instrument.

> (b) In taking a verification upon oath or affirmation, the notary public must determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary and making the verification is the person whose true signature is on the statement verified ***." 5 ILCS 312/6-102 (West 2016).

¶ 26    Although defendant claims in his reply brief that Brooks's statement was "notarized," a review of the notary public's seal reveals only that the statement was "Signed/Acknowledged" by Brooks. As set forth in the Act, an "acknowledgment" simply involves a notary public's determination of the signor's identity. However, a "verification" requires an "oath or affirmation" on the part of the signor. The notarial act here was an acknowledgment. The notarization only reflects that Jordan Brooks was the person who signed the statement. Critically, it does not demonstrate that Brooks swore an oath before the notary public or affirmed that the facts set forth in his statement were true. Furthermore, defendant was aware of this defect but did not correct it. Despite the State having identified the deficiency in its motion to dismiss and defendant having had 21 days to respond, defendant did not attempt to substitute Brooks's statement with one that was sworn or verified. See *People v. Velasco*, 2018

- 8 -

IL App (1st) 161683, ¶ 104 , 127 N.E.3d 53 ("[P]ostconviction court correctly found that, as appointed counsel had failed to arrange for notarization of the statements of [two witnesses], neither of those statements were sufficient at the second stage to provide evidentiary support for defendant's petition."). In sum, without a verification reflecting Brooks swore an oath or affirmed the contents of his statement under the penalties of perjury, we cannot reliably determine whether "the allegations in the petition are capable of objective or independent corroboration." (Internal quotation marks omitted.) See *Allen*, 2015 IL 113135, ¶ 24. Accordingly, the trial court did not err by dismissing defendant's petition at the second stage of proceedings. See *id.* ¶ 38.

¶ 27                                    III. CONCLUSION

¶ 28        For the reasons stated, we affirm the trial court's judgment.

¶ 29        Affirmed.