2025 IL App (1st) 241414-U

No. 1-24-1414

Order filed April 17, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 20231012958 |
| | ) | |
| AARON MCLEOD, | ) | Honorable |
| | ) | Sarah Johnson, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We dismiss the appeal due to plaintiff's failure to comply with Supreme Court Rule 341 (eff. Oct 1, 2020).

¶ 2     Plaintiff-Appellant, Tony Cole, *pro se*, filed a complaint against defendant-appellee, Aaron McLeod, alleging Mr. McLeod violated the Electronic Communications Privacy Act (18 U.S.C. § 2511) (2018)) (ECPA), and the Illinois Personal Information Protection Act (815 ILCS 530/5 (West 2018)) (PIPA). After allowing Mr. Cole to amend his complaint, the trial court dismissed Mr. Cole's complaint for want of prosecution. On appeal, he alleges the court erred in dismissing

his amended complaint. For the reasons that follow, we strike Mr. Cole's brief and dismiss the appeal.

¶ 3                                I. BACKGROUND

¶ 4     The record filed on appeal shows Mr. Cole filed a complaint against Mr. McLeod based on a real estate transaction dispute. Roselle Jones retained Mr. McLeod, who is an attorney, to represent her in the sale of a parcel of real estate. On December 28, 2022, Ms. Jones entered into a real estate contract to sell the property to Cynetria Watkins for $275,000. Ms. Watkins served as her own real estate agent for the transaction. Nicole Wright of Century 21 served as Ms. Jones' real estate agent.

¶ 5     The contract contained a loan contingency provision, which stated that Ms. Watkins was to provide by either at least 45 days after the date of acceptance or five days prior to closing, written evidence from her lender that she had received a loan for 75 percent of the purchase price on certain specified terms. Under the same provision, if Ms. Watkins could not provide such written evidence by the specified deadline, Ms. Jones had the "option of declaring this Contract terminated by giving Notice to Buyer [Ms. Watkins]."

¶ 6     Ms. Watkins was unable to provide sufficient evidence under the loan contingency provision. On March 24, 2023, the parties entered into a mutual cancellation agreement, deeming the contract null and void. The same day, Mr. McLeod received an email appearing to be from Mr. Cole. The email identified the sender as "W.R.C. SERVICES." The sender indicated that he was the "husband of the buyer [Ms. Watkins]" and, though he had been "uninvolved in the process," regarding the previous transaction with Ms. Watkins, he wanted to "offer $235,000 for the property."

¶ 7    Mr. McLeod then forwarded the email to Century 21, Ms. Jones' real estate agent, as the email purported to contain an offer for the purchase of the property. On April 14, 2023, Mr. McLeod received another email from someone who appeared to be Mr. Cole, but again whose identification reflected "W.R.C. SERVICES." In that email, the sender asserted that Mr. McLeod had improperly forwarded his previous email to Century 21, stating that the action "resulted in a violation of [Mr. Cole's] privacy.

¶ 8    On July 18, 2023, Mr. Cole filed a single-count complaint, alleging that on April 14, 2023, Mr. McLeod "unlawfully forwarded an email sent by [Mr. Cole] to a third party without [Mr. Cole's] permission." He further alleged that "[Mr. McLeod], as [Mr. Cole's] legal counsel, had a duty to safeguard [Mr. Cole's] fundamental right to privacy." He also argued that Mr. McLeod, by forwarding Mr. Cole's email, violated the ECPA and the PIPA.

¶ 9    The litigation proceeded to mandatory arbitration where an award was granted to Mr. Cole, but he rejected it. Mr. McLeod obtained leave of court to file a motion for summary judgment. In his motion for summary judgment, he claimed he did not violate the ECPA or the PIPA when he forwarded Mr. Cole's email to his client's real estate broker. He also asserted that he owed no common law duty to protect alleged private information because he was not Mr. Cole's attorney and had no such relationship that would require him to owe Mr. Cole a duty of care. Following briefing, the trial court entered an order granting Mr. McLeod's motion on May 21, 2024. The court clarified that it was granting summary judgment "without prejudice" and granted Mr. Cole leave to file an amended complaint on or before June 13, 2024.

¶ 10    On June 13, 2024, Mr. Cole filed his amended complaint. It contained four counts and alleged: (1) an ECPA violation; (2) a PIPA violation; (3) negligence; and (4) breach of fiduciary duty. Similar to the original complaint, Mr. Cole based his allegations on the fact Mr. McLeod

"forwarded [Mr. Cole's] name and contact information without consent to Jim Lynch of Century 21 S.G.R. Inc."

¶ 11    On June 27, 2024, the trial court heard Mr. McLeod's oral motion to dismiss Mr. Cole's amended complaint. Following the hearing, the court dismissed Mr. Cole's ECPA, PIPA, and fiduciary duty claims with prejudice. The court also dismissed his negligence claim, an un-pleaded Consumer Fraud Act claim, and any remaining claims of confidential or fiduciary duty owed by Mr. McLeod to Mr. Cole without prejudice. For all claims dismissed without prejudice, the court granted Mr. Cole leave to file an amended complaint by July 25, 2024. The court continued the matter for in-person status conference to August 15, 2024.

¶ 12    On that date, Mr. Cole did not appear in person or on Zoom. After the matter was called again 20 minutes later, the court dismissed the matter for want of prosecution. In its order, it stated that Mr. Cole "having failed to file an amended complaint on or before July 25, 2024, in accord with the order of June 27, 2024, and having failed to appear in court, this cause is hereby dismissed for want of prosecution in its entirety."

¶ 13    On August 23, 2024, Mr. Cole filed an Emergency Motion to Vacate Order Dismissing Case for Want of Prosecution. He alleged that he "was not aware of the scheduled court date and was not given the opportunity to appear or be heard in the matter." He also claimed that he was not aware of the order to amend his complaint.

¶ 14    On August 28, 2024, the trial court denied Mr. Cole's motion. The court noted that Mr. Cole had "sufficient notification of the August 15, 2024, court date" as his own filings reflected that he was in possession of an order setting the status conference. The court also found that Mr. Cole had failed to comply with the deadline for filing an amended complaint and had not filed an extension of the deadline.

¶ 15                              II. ANALYSIS

¶ 16      Mr. Cole now appeals from the trial court's judgment. In his *pro se* brief, he asks this court to reverse the trial court's dismissal of his amended complaint.

¶ 17      Initially, we note Mr. Cole has failed to comply with Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Specifically, his brief fails to comply with subsections (h)(6) and (h)(7) of Rule 341. Rule 341(h)(6) requires the appellant's brief to contain a statement of facts necessary to an understanding of the case with appropriate reference to the pages of the record. Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Not only does Mr. Cole's statement of facts lack citations to the record, but the section does not contain any facts necessary for this court to understand the nature of his contentions. Similarly, Rule 341(h)(7) requires citation to the record in the argument section of an appellant's brief. Ill. S. Ct. R. 341(h)(7). Mr. Cole's argument section likewise omits cites to the record.

¶ 18      Our supreme court has stated that its rules "are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." (Internal quotation marks omitted.) *Rodriguez v. Sheriff's Merit Commission of Kane County*, 218 Ill. 2d 342, 353 (2006) (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002)). We are cognizant of Mr. Cole's *pro se* status but recognize that *pro se* litigants must comply with the applicable court rules. See *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009) ("we note that *pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys."). Where a party fails to comply with these procedural rules we may, in our discretion, strike the brief and dismiss the appeal. *McCann v. Dart*,

2015 IL App (1st) 141291, ¶ 12 (citing *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77). Here, we do just that.

¶ 19 Even if we were to consider the merits of Mr. Cole's arguments despite these omissions, we would find his brief deficient. Although he provides some citations to Illinois case law and statutes, he fails to make any arguments in support of his contentions. For example, he claims the trial court's dismissal order "lacked specificity and did not detail the grounds for dismissal," yet he does not explain how the court's order was deficient, nor does he cite to any part of the order to support his assertions. Reviewing courts will not search the record for purposes of finding error when an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15.

¶ 20 In short, Mr. Cole's brief is wholly deficient and lacking a coherent argument section containing adequate citation to the record. This court is not required to guess at appellant's theories of the case. Nor will it. The failure of the appellant to follow the Supreme Court rules makes it impossible for this court to address the contentions in his brief. Therefore, in our discretion, we strike defendant's brief and dismiss this appeal.

¶ 21                                III. CONCLUSION

¶ 22 Appeal dismissed.